# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. COSTELLO, not individually, but as | ) | |
| Litigation Trustee under the Comdisco Litigation | ) | |
| Trust, | ) | **<u>Honorable Robert W. Gettleman</u>** |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | Magistrate Judge Mary M. Rowland |
| | ) | |
| MIKE J. POISELLA, | ) | Civil Case No. 05-736 |
| ROMAN BRUNNER, | ) | Civil Case No. 05-740 |
| JOSEPH J. SCOZZAFAVA, and | ) | Civil Case No. 05-746 |
| GREGORY A. WEISS, | ) | Civil Case No. 05-764 |
| | ) | |
| *Defendants*. | ) | |

## <u>FINAL PRETRIAL ORDER</u>

This matter having come before the court at a pretrial conference held pursuant to Fed. R.

Civ. P. 16, and

> Jonathan W. Young
> W. Allen Woolley
> Bilal Zaheer
> Erin L. Brechtelsbauer
> EDWARDS WILDMAN PALMER LLP
> 225 West Wacker Drive, Suite 3000
> Chicago, Illinois 60606-1229
> Telephone: (312) 201-2000
> Facsimile: (312) 201-2555

having appeared as counsel for plaintiff(s) and

> Jeff D. Harris
> Gregory L. Stelzer
> FIGLIULO & SLIVERMAN, PC
> 10 South LaSalle Street
> Suite 3600
> Chicago, Illinois 60603
> Telephone: (312) 251-4600
> Facsimile: (312) 251-4610

Gini S. Marziani
Davis McGrath LLC
125 S. Wacker Drive
Suite 1700
Chicago, Illinois 60606
Phone: (312) 332-3033
Fax:  (312) 332-6376

having appeared as counsel for defendants, the following actions were taken:

1.       This is an action seeking enforcement of certain promissory notes, and the jurisdiction of the court is invoked under 28 U.S.C. § 1332.  The parties disagree as to the basis for jurisdiction with respect to Plaintiff's "alternative" theory for affirmative relief.  However, jurisdiction is not disputed.

2.       The following stipulations and statements were submitted and are attached to and made a part of this Order:

a.       a comprehensive statement of all uncontested facts, which will become a part of the evidentiary record in the case (attached as **Schedule A**);

b.       except for rebuttal exhibits, schedules of all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence[1] (plaintiff's list attached as **Schedule B(1)**; defendants' list attached as **Schedule B(2)** [2]);

c.       lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any

---

[1] The parties believe that their respective trial presentations may be enhanced by a limited number of demonstrative and/or summary exhibits that have not yet been finalized.  The parties propose, subject to the Court's approval, to supplement their exhibit lists on or before September 10, 2013 to include demonstrative and summary exhibits to be offered during trial.  All such exhibits will be marked for identification before trial.

[2] The parties have submitted separate exhibit lists with this Pretrial Order.  However, there are numerous documents that appear on both lists.  To streamline the presentation of evidence, if the Court desires, the parties are prepared to create a joint exhibit list containing documents that both sides have designated as exhibits and to which neither side objects.  Exhibits on the joint list would be marked before trial as joint exhibits and submitted to the Court in a separate set of joint exhibits.

2

witness identified on the list (plaintiff's list attached as **Schedule C(1)**; defendants' list attached as **Schedule C(2)**)[3];

      d.      a statement setting forth the qualifications of the plaintiff's expert witness (attached as **Schedule D**);

      e.      a list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto (attached as **Schedule E**);

      f.      an itemized statement of damages (attached as **Schedule F**);

      g.      trial briefs except as otherwise ordered by the court (plaintiff's trial brief attached as **Schedule G(1)**; defendants' trial brief is being submitted separately;

      h.      a statement that each party has completed discovery, including the depositions of expert witnesses (absent agreement of the parties or for good cause shown, no further discovery shall be permitted) (attached as **Schedule H**); and

      i.      subject to full compliance with all the procedural requirements of Rule 37(a)(2), a brief summary of the parties' motions *in limine* filed concurrently with this Pretrial Order (with any briefs in support of or responses to such motions to be filed as directed by the Court) (attached as **Schedule I**).

3.      The trial of this case is set to commence on September 24, 2013 and shall continue as ordered by the Court. Plaintiff expected the trial to take four days. Defendants expect the trial to take at least six days.

---

[3] The Court has indicated during prior hearings in these cases that it will likely direct the parties to prepare and submit additional materials relating to the anticipated substance of witness examinations. The parties will raise this issue with the Court at the initial pretrial conference scheduled for August 29, 2013 and will be prepared to follow the Court's directions regarding supplemental materials after that conference.

4.     The trial shall be a non-jury trial as to Plaintiff's claim to enforce the notes. Defendants reserve their right to request a jury as to Plaintiff's alternative request for relief. Plaintiff disputes that Defendants have a right to a jury on any issue.

5.     The parties agree that the issues of liability and damages should not be bifurcated for trial.

6.     The parties do not consent to the reassignment of this case to a magistrate judge for trial.

7.     This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the Court to prevent manifest injustice.

8.     Possibility of settlement of this case was considered by the parties.


_____
United States District Judge

Date: _____, 2013

Dated:  August 23, 2013

Respectfully submitted,


/s/   Jeff D. Harris                                    /s/  Jonathan W. Young
Jeff D. Harris                                          Jonathan W. Young
Gregory L. Stelzer                                      W. Allen Woolley
FIGLIULO & SLIVERMAN, PC                                Bilal Zaheer
10 South LaSalle Street                                 Erin L. Brechtelsbauer
Suite 3600                                              EDWARDS WILDMAN PALMER LLP
Chicago, Illinois 60603                                 225 West Wacker Drive, Suite 3000
Telephone:  (312) 251-4600                              Chicago, Illinois  60606-1229
Facsimile:  (312) 251-4610                              Telephone:  (312) 201-2000
                                                        Facsimile:  (312) 201-2555
Gini S. Marziani                                        *Attorneys for Plaintiff John W. Costello, not*
Davis McGrath LLC                                       *individually, but as Litigation Trustee under*
125 S. Wacker Drive                                     *the Comdisco Litigation Trust*
Suite 1700
Chicago, Illinois 60606
Phone: (312) 332-3033
Fax:  (312) 332-6376
*Attorneys for Defendants Mike J. Poisella,*
*Roman Brunner, Joseph J. Scozzafava, and*
*Gregory A. Weiss*

**THE BANK AND COMDISCO BEGIN WORKING ON A SIP PROGRAM IN 1997**

1.      In and around June and July 1997, The First National Bank of Chicago worked with Comdisco, Inc. ("Comdisco") in connection with a potential Shared Investment Plan ("SIP") for certain employees of Comdisco or its subsidiaries.  The First National Bank of Chicago became part of Bank One, N.A. through a merger announced in April 1998.  In 2004, Bank One, N.A. merged with JPMorgan Chase, the current successor in interest to the Bank. The First National Bank of Chicago and its successors are referred to herein, individually and collectively, as the "Bank."

2.      Prior to June 1997, the Bank was involved in a shared investment plan sponsored by Baxter International (in 1994) and in a shared investment plan sponsored by Allegiance Corporation (in 1997).  In connection with considering the potential for developing its own SIP, Comdisco approached the Bank and ultimately chose to have the Bank become involved in the SIP because of the Bank's experience with shared investment plans for other companies.

3.      The individuals at the Bank, Comdisco and their respective law firms who worked on the implementation and financing of the proposed SIP were identified as members of the "Bulldog Team."  None of the current federal Defendants was part of the Bulldog Team for Comdisco.

4.      The Bank's outside legal counsel in connection with the Comdisco SIP was Winston & Strawn.  Comdisco's outside legal counsel was McBride, Baker & Coles.

5.      When initially considering the matter during the summer of 1997, Comdisco's Board of Directors did not authorize the company to move forward with a SIP.  However, when

considering the matter again in January, 1998, the Comdisco Board of Directors authorized the company to proceed with the SIP Program.

## LOLA HALE'S LETTER TO THE FEDERAL RESERVE BANK

6.      Under the terms of the SIP, each participant in the SIP would take out a personal loan from the Bank (the "SIP Loan"), and would use the proceeds of that loan to purchase common stock in Comdisco.

7.      By letter dated January 16, 1998, Comdisco's lead outside counsel at McBride, Baker & Coles, Lola Hale, sent a letter to William Lloyd of the Federal Reserve Bank of Chicago "requesting concurrence that under Regulations G or U the Loan described below would not be deemed to be, directly or indirectly, secured by the securities purchased." The "Loan(s)" referred to in this letter was the SIP Loan. William Lloyd at the time was an attorney with the Federal Reserve Bank of Chicago.

8.      James Brent McCauley, another attorney at the Federal Reserve Bank of Chicago, responded to Lola Hale's letter by letter dated January 29, 1998.

## THE INTRODUCTION OF THE SIP PROGRAM AND THE SIP MATERIALS

9.      The SIP was promulgated pursuant to the Comdisco, Inc. 1998 Stock Option Program. On January 20, 1998, Comdisco's Board of Directors approved the Comdisco, Inc. 1998 Stock Option Program and authorized the Compensation Committee of the Board of Directors, after distribution of a description of the terms and conditions of the SIP to proposed participants, to consider adoption of the SIP substantially along the lines reviewed at the January 20, 1998 Board meeting, with such changes and additions as the Compensation Committee deemed to be in the best interests of the corporation.

10.     The SIP Program was introduced to prospective SIP participants ("Prospective SIP Participants") at a meeting on the afternoon of Friday, January 30, 1998 during a weekend corporate retreat in California (the "SIP Presentation").  The Prospective SIP Participants, including each of defendants Mike J. Poisella, Roman Brunner, Joseph J. Scozzafava, and Gregory A. Weiss ("Defendants"), were either present at the meeting or listened to the presentation by telephone.  Each Prospective SIP Participant was provided with a two-inch binder containing approximately 240 pages of materials relating to the SIP ("SIP Materials").

11.     At the SIP Presentation, Comdisco's Chief Legal Officer, Phillip Hewes, and Chief Operating Officer, Nick Pontikes, presented parts of the SIP Program.  Other Comdisco representatives were present. Comdisco's outside counsel, Lola Hale from McBride, Baker & Coles was present and also spoke periodically during the meeting.  A second meeting was held the next day on Saturday, January 31, 1998.   Lola Hale, Phillip Hewes and others answered questions during the January 31 meeting.  Bank representatives were not present at the January 30, 1998 SIP Presentation or the January 31, 1998 meeting.

12.     The Facility and Guaranty Agreement and the Promissory Notes were prepared by the Bank or its attorneys and reviewed by McBride, Baker & Coles and Comdisco.

13.     Under the SIP, each Prospective SIP Participant was given an opportunity to purchase a minimum of 8,000 shares of Comdisco common stock through the exercise of a one-day, non-qualified stock option.  Prospective SIP Participants who wished to participate in the SIP were instructed to fax an Election Form ("SIP Option Exercise Form") to Comdisco's Legal Department between 6:00 p.m. C.S.T. on Saturday, January 31, and 6:00 p.m. C.S.T. on Sunday, February 1.

## THE PROPOSED LOANS TO THE PROSPECTIVE SIP PARTICIPANTS

14.     A total of 147 Prospective SIP Participants were offered the opportunity to participate in the SIP.

15.     The proposed SIP Loans to each of the Prospective SIP Participants were full recourse loans with a five-year term, and in an amount equal to 100% of the purchase price of the shares.  The SIP required Prospective SIP Participants to finance their SIP Loans through the Bank in connection with their purchase of the Comdisco shares.

16.     The minimum amount any SIP Participant could borrow under the SIP was $276,000, i.e. 8,000 shares at a purchase price of $34.50 per share.  The purchase price of $34.50 per share was the closing price on January 30, 1998, for Comdisco's common stock on the New York Stock Exchange.

17.     In order to participate in the SIP Program, Prospective SIP Participants were required to open an account at the Bank.  The SIP Materials included the form of Promissory Note to be executed in connection with the SIP Loan, as well as a copy of the Facility and Guaranty Agreement, Loan Application and Account Application to be used in connection with the transaction.  The SIP Materials also included a letter to "Comdisco Executive" from the Bank, stating, among other things, that the loan application required a completed personal financial statement, two years of federal income tax returns, and an account application.  SIP participants did not have to submit these documents until Friday, February 6.

## THE TRANSFER OF THE SIP SHARES AND COMDISCO'S PRESS RELEASE

18.     Prospective SIP Participants who sought to participate in the SIP, including each Defendant, transmitted completed SIP Option Exercise Forms to Comdisco's Legal Department before 6:00 p.m. C.S.T. on Sunday, February 1, 1998.

19.     On February 1, 1998, after the SIP Option Exercise Forms were submitted, the Compensation Committee of Comdisco's Board of Directors approved and adopted the SIP, by resolution, in the form presented to the Compensation Committee.

20.     On February 2, 1998 Comdisco issued a press release regarding the SIP program.

21.     A total of 106 senior managers, including 100% of the company's executive officers, purchased over three million shares, or approximately $109 million, of the company's common stock at a price of $34.50 per share.     The average loan was for approximately $1,030,000, and some employees signed up for loans with principal amounts as high as $3,300,000.  The transfer of the SIP stock became effective on February 2, 1998.

## THE SIP LOANS, THE GUARANTY AND THE SIP SHARES

22.     On February 2, 1998 the Bank's lawyers sent each SIP Participant a packet of materials, including their individual Promissory Note, conformed copy of the executed Facility and Guaranty Agreement, a blank Stock Power Agreement and a return envelope, along with a memorandum instructing the SIP Participants, including the Defendants, to execute the Promissory Note, Letter of Direction, Election Form, Stock Power Agreement, First Chicago Personal Financial Statement, and First Chicago Account Application.  These documents were required to be received at Comdisco's offices by Friday, February 6, 1998.

23.     Defendants did not disclose their assets and liabilities to Comdisco.  Instead, each SIP Participant, including the Defendants, were required to submit to Comdisco, for delivery unopened to the Bank, a personal financial statement, federal income tax returns and their loan application.  Defendants and the remaining SIP Participants were required to open an account at the Bank into which dividends on the purchased shares were to be deposited and applied to pay the interest on the SIP Loans.

24.     As part of the SIP Program, each SIP Participant, including the Defendants, signed a Promissory Note in favor of the Bank. Each Promissory Note (and the SIP Loan to which it related) was in the amount of 100% of the purchase price of the stock purchased by such SIP Participant. The Promissory Notes were dated February 10, 1998.

25.     The loans to the SIP Participants were guaranteed by Comdisco pursuant to the terms and conditions of a Facility and Guaranty Agreement dated as of February 2, 1998 (the "Facility Agreement") executed by Comdisco and the Bank, individually and as Agent.

26.     The Bank received a fee of $150,000 for arranging the loan, $40,000 from Comdisco for payment of the Bank's upfront legal fees, and a "syndication fee" for subsequently syndicating the loans to participating lenders.

27.     Comdisco and the Bank did not provide Defendants or other SIP Participants with Federal Reserve Form G-3 or Federal Reserve Form U-1.

28.     Comdisco specified the maximum number of shares each Prospective SIP Participant could purchase under the SIP. The maximum number of shares each Defendant was permitted to purchase under the SIP, the number of shares each Defendant purchased, and the total purchase price of each Defendant's SIP shares is shown in the following chart:

| Defendant | Maximum Shares | Shares Purchased | Purchase Price |
|-----------|----------------|------------------|----------------|
| Brunner | 96,000 | 16,000 | $552,000 |
| Poisella | 32,000 | 24,000 | $828,000 |
| Scozzafava | 16,000 | 16,000 | $552,000 |
| Weiss | 32,000 | 16,000 | $552,000 |

29.     The Bank funded the SIP Loans on or about February 10, 1998.  Pursuant to a Letter of Direction signed by each Defendant, the Bank remitted the proceeds of each Defendant's SIP Loan to Comdisco, in payment of the purchase price of the SIP Shares issued to each Defendant.

30.     The SIP Materials provided that the SIP Share certificates would be held in Comdisco's legal department.  Instead, the SIP shares were held by Comdisco's transfer agent (Mellon Investor Services LLC) as uncertificated shares in a separate book entry accounts for each SIP Participant.  Each SIP Participant, including the Defendants, executed a stock power in blank.

31.     Dividends declared by Comdisco for the SIP Shares were deposited into accounts at the Bank that each of the SIP Participants had established.  The dividends were to be used to pay the current (non-deferred) interest payments due under the Notes.    Amounts sufficient to pay the current interest payment were withdrawn from each SIP Participant's account on each of the "Interest Payment Dates" specified in the Notes through and including March 13, 2001 and credited to each SIP Participant.   In May 2001, Comdisco suspended making quarterly dividend payments.  Comdisco made an additional payment to the Bank on June 21, 2001 that was sufficient to pay the current interest payment due on June 12, 2001.

32.     Defendants did not make any payments of principal, and no payments of interest were made by the SIP Participants after on or about June 21, 2001.

**COMDISCO BANKRUPTCY AND CREATION OF THE TRUST**

33.     On or about July 16, 2001, Comdisco and certain of its affiliates filed petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

34.     Comdisco's bankruptcy filing constituted a "Program Event of Default" under the terms of the Facility Agreement.

35.     On or about July 16, 2001, the Bank sent a Notice of a "Program Event of Default" to each Defendant.

36.     The Bank filed a Proof of Claim based on Comdisco's guaranty of the Notes in the Comdisco bankruptcy proceeding. Comdisco filed a specific objection to the Bank's Proof of Claim.

37.     In July of 2002, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law, and Order ("Confirmation Order") confirming the First Amended Joint Plan of Reorganization of Comdisco, Inc. and Its Affiliated Debtors and Debtors in Possession (the "Confirmed Plan").

38.     The Confirmed Plan authorized the creation of the Comdisco Litigation Trust and the appointment of the Litigation Trustee. Plaintiff was appointed as the Litigation Trustee on July 31, 2002.

39.     The First Amendment to the Comdisco Litigation Trust Agreement was dated as of August 12, 2002.

40.     Following the confirmation of Comdisco's bankruptcy plan, each share of common stock in Comdisco, including each Defendant's SIP Shares, was cancelled. Holders of these shares received Contingent Distribution Rights ("CDRs") in Comdisco Holdings Company, pursuant to the terms of the Confirmed Plan.

## ASSIGNMENT OF THE SIP NOTES

41.     On or about November 5, 2004, Comdisco filed a motion to approve its settlement of its objections to the claim of the Bank and filed a motion to dismiss Comdisco's appeal regarding its objections to the claim of the Bank in the Seventh Circuit Court of Appeals.

42.     In Comdisco's bankruptcy, the Court entered a Stipulation, Findings and Agreed Order on December 9, 2004 (the "SFAO").  In the SFAO, the Bankruptcy Court allowed the Bank's Claim in the aggregate amount of $133,000,000 and approved a settlement of that claim for $126,350,000.

43.     In February of 1998, Comdisco had received $109 million in SIP Note proceeds and applied these monies to the purchase price for the SIP Shares.  In December of 2004, Comdisco paid the Bank and the other SIP Lenders approximately $123 million by wire transfer (which was net of an agreed setoff), which monies were received by the Bank on December 22, 2004.

44.     Thereafter, pursuant to an Assignment Agreement dated December 22, 2004, the Bank and the other SIP lenders assigned the SIP Notes (including Defendants') to the Litigation Trustee (the "Assignment").  Comdisco, Inc. and Comdisco Holding Company, Inc. were not signatories to the Assignment.

45.     The Litigation Trustee is the holder of the SIP Notes.  The Litigation Trustee did not remit any payment for the assignment of the SIP Notes.

**SCHEDULE B(1)**

**Plaintiff's Schedule of Exhibits**

Plaintiff may seek to offer the exhibits listed on the chart set forth in this schedule into evidence in this matter. Because Plaintiff has withdrawn a number of potential exhibits without re-numbering and re-labeling the remaining exhibits, the exhibit numbers appearing in this schedule are not completely sequential and gaps in the numbering exist throughout Plaintiff's list. Plaintiff reserves the right to supplement his exhibit list and/or seek to introduce additional documents as evidence if and to the extent permitted by applicable laws, rules and/or Court orders. In addition, Plaintiff reserves the right to (a) request that the Court admit or permit presentation of summaries or demonstrative exhibits that do not currently appear on this schedule; (b) to use any document for purposes of impeachment or rebuttal; (c) to request that the Court take judicial notice of documents that do not appear on this schedule; (d) to supplement this list for good cause shown or with any document that was identified by Defendants and subsequently withdrawn; and (e) to seek to introduce additional exhibits based on developments during trial.

By including a particular document in this schedule, Plaintiff does not admit the relevance or admissibility of that document, nor does he waive any objection to any request by Defendants to admit the document. Rather, Plaintiff expressly reserves the right to assert any argument against the admissibility of any document or to request that any document be admitted only for a specified purpose.

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 1 | Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP GROUP 00003 - 00240 | |
| 2 | Table of Contents tab of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00012 | |
| 3 | Tab # 01 of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00013 - 00014 | |
| 4 | Tab # 03 of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00029 - 00030 | |
| 5 | Tab # 04 of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00031 - 00039 | |
| 6 | Tab # 05 of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00040 - 00047 | |
| 7 | Tab # 06 of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00048 - 00053 | |
| 8 | Tab # 07 of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00054 | |
| 9 | Tab # 08 of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00055 - 00057 | |
| 10 | Tab # 09 of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00058 | |
| 11 | Tab # 11 of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00071 - 00114 | |
| 12 | Tab # 12 of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00115 - 00126 | |
| 13 | Tab # 13 of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00127 | |
| 14 | Tab # 02 of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00015 - 00028 | |
| 15 | Tab # 10 of Comdisco Shared Investment Plan Binder | 1/30/1998 | SIP Group 00059 - 00070 | |
| 33 | Edward A. Pacewicz Confirmation of Exercise Form - Redacted | 3/24/2000 | SIP0037662 - 0037663 | 401; 403 |
| 38 | Confirmation of Exercise form for Edward A. Pacewicz | 5/17/1999 | SIP0074891 - 0074893 | 401; 403 |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 42 | Philip Hewes Confirmation of Exercise | 5/11/1999 | SIP0037885 | 401; 403 |
| 43 | Philip Hewes Confirmation of Exercise | 4/21/2000 | SIP0069532 | 401; 403 |
| 44 | Philip Hewes Confirmation of Exercise | 6/10/1999 | SIP0069550 | 401; 403 |
| 45 | Philip Hewes Confirmation of Exercise | 1/17/2000 | SIP0069544 | 401; 403 |
| 46 | Philip Hewes Confirmation of Exercise | 2/24/2000 | SIP0069537-SIP0069543 | 401; 403 |
| 47 | Philip Hewes Confirmation of Exercise | 3/23/2001 | SIP0069525-SIP0069531 | 401; 403 |
| 48 | Scott Harvey Confirmation of Exercise | 1/3/2000 | SIP0038055 | 401; 403 |
| 49 | Scott Harvey Confirmation of Exercise | 12/31/1998 | SIP0068178 | 401; 403 |
| 50 | Scott Harvey Confirmation of Exercise | 4/16/1999 | SIP0068173 | 401; 403 |
| 51 | Internal Correspondence re Scott Harvey Confirmation of Exercise | 4/16/1999 | SIP0068175-0068177 | 401; 403 |
| 52 | Scott Harvey Confirmation of Exercise | 5/10/1999 | SIP0068168-0068172 | 401; 403 |
| 53 | Scott Harvey Confirmation of Exercise | 5/10/1999 | SIP0038057 | 401; 403 |
| 54 | Scott Harvey Confirmation of Exercise | 5/19/1999 | SIP0068163 | 401; 403 |
| 55 | Scott Harvey Confirmation of Exercise | 3/7/2000 | SIP0068149 | 401; 403 |
| 56 | Scott Harvey Confirmation of Exercise | 1/1/2001 | SIP0068142 | 401; 403 |
| 57 | Internal Correspondence re Scott Harvey Confirmation of Exercise | 12/12/2000 | SIP0068145-0068148 | 401; 403 |
| 58 | Ed Pacewicz Confirmation of Exercise | 5/19/1999 | SIP0074891 | 401; 403 |
| 59 | Ed Pacewicz Confirmation of Exercise | 12/23/1999 | SIP0074886 | 401; 403 |
| 60 | Ed Pacewicz Confirmation of Exercise | 3/24/2000 | SIP0037662 | 401; 403 |
| 61 | Ed Pacewicz Confirmation of Exercise | 3/24/2000 | SIP0074881 | 401; 403 |
| 118 | Separation Agreement and General Release for Edward A. Pacewicz - Unsigned | 7/12/2001 | | |
| 126 | Separation Agreement and General Release signed by Scott Harvey | 7/2/2002 | | |
| 165 | Blank Stock Power Form | | COM/HEW001715; COM/GEN02079 | |
| 187 | Comdisco Shared Investment Plan - Important Tax Election | 2/10/1998 | WOL 0037 - 0042; SIP01487952 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 188 | Comdisco, Inc.'s Press Release Announciong the SIP Program | 2/2/1998 | COM/GEN03228 - 29 | |
| 189 | McBride Baker Coles Memorandum re Application of Securities Laws of France, Germany, Ontario, Singapore, Switzerland and the United Kingdom and to Comdisco's Proposed Empolyee Stock Option Plan | 7/9/1997 | SIP0073794 - 737799 | Auth.--last page is unrelated to balance of exhibit. |
| 190 | Closing Schedule relating to the Facilitly and Guaranty Agreement among Comdisco, Inc, The First National Bank of Chicago and The Financial Institutions Party Thereto | 2/10/1998 | JPM-VAL 00807 - 00810 | Auth; Hrsay as to handwriting on first page |
| 191 | $109,020,000 Facility and Guaranty Agreement Among Comdisco, Inc., First Chicago and Financial Institution Party Hereto | 2/2/1998 | HAR 0222 - 0254 | D/N include Exhibits; Incomplete |
| 192 | Closing Schedule relating to the Facility and Guaranty Agreement among Comdisco, Inc., The First National Bank of Chicago and The Financial Institutions Party Thereto | 2/10/1998 | JPM-VAL 01117 - 01192 | |
| 193 | Letter to William Lloyd of Federal Reserve Bank Legal Department from Lola Miranda Hale of McBride, Baker & Coles re:  Summary of proposed transaction under Regulation G or Regulation U | 1/16/1998 | FRBC 00003 - 000004 | Auth; Hrsay as to handwriting |
| 194 | Draft Comdisco Stock Option Program Comparing it to Allegiance Program | 6/12/1997 | SIP2 002504 - 002514 | Auth. as to date. |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 195 | Comparison with Baxter and Allegiance SIP and other subjects | | SIP2 002425 - 002435 | Auth; Incomplete |
| 196 | Key Points About the Allegiance SIP | | | |
| 197 | Key Points About the Allegiance SIP | | SIP-Group 789-790 | Redundant |
| 198 | McBride Baker Coles letter to Simmons & Simmons re items needed to comply with English securities law as to the Stock Option Plan | 6/27/1997 | SIP0049780 - 0049782 | |
| 199 | McBride Baker Coles letter to Prager Dreifuss re items needed to comply with Swiss securities law as to the Stock Option Plan | 6/27/1997 | SIP0049783 - 0049784 | |
| 200 | McBride Baker Coles letter to  Huth Dietrch Hahn re items needed to comply with German securities law as to the Stock Option Plan | 6/27/1997 | SIP0049785 - 0049786 | |
| 201 | Letter from Lola Hale of McBride Baker  & Coles to Philip Hewes & Scott Harvey re: Interoffice Memo to Managers & Feedback form | 6/20/1997 | SIP-Group 882 - 883 | |
| 202 | Letter to the Persons on the Distribution list from Lola Hale of McBride Baker & Coles re:  marked copies of disclosure packet | 1/23/1998 | JPM-VAL 00273 - 00274 | |
| 203 | Letter to William Lloyd of the Federal Reserve Bank from Lola Hale of McBride Baker & Coles re:  Regulations G and U | 1/16/1998 | | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 204 | Letter to Gregory S. Murray of Winston & Strawn from Jerald Holisky of McBride Baker & Coles  re:  Facility Agreement Between First National Bank of Chicago and Comdisco, Inc., Opinion of McBride Baker & Coles | 7/17/1997 | JPM-VAL 00747 - 00761 | |
| 205 | McBride Baker Coles fax attaching a comparison chart of other SIP Plans | 1/13/1998 | SIP0039844 - SIP0039847 | |
| 206 | Fax Coversheet to Scott Harvey from Lola Miranda Hale of McBride Baker & Coles re:  Comparison Chart | 1/13/1998 | | Auth; 401; Incomplete |
| 207 | Faxd to Lola Hale of McBride Baker & Coles from Scott Harvey of Comdisco re: Shared Investment Plan ("SIP") Summary | 5/30/1997 | SIP0049736 - 0049741 | |
| 208 | Letter to Lola Hale of McBride Baker & Coles from Scott Harvey re:  diskette of documents scanned from the Alegiance program | 6/10/1997 | SIP0049730 | |
| 209 | McBride Baker Coles letter to Phillip Hewes re draft of the Option Plan, S-8 and SIP Plan | 6/12/1997 | SIP2002501 - 002503 | |
| 210 | Letter from Lola Hale of McBride Baker & Coles to Phillip Hewes of Comdisco, Inc. re:  Request for draft of new Option Plan | 6/12/1997 | SIP-Group 879 - 881 | |
| 211 | Fax to Phil Hewes from Lola Hale of McBride Baker & Coles re:  Trading Restrictions | 7/23/1997 | SIP0039759 - 0039763 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 212 | McBride Baker Coles letter to Caubet Buchman Spalter re items needed to comply with French securities law as to the Stock Option Plan | 6/27/1997 | SIP0079787 - 0049788 | |
| 213 | McBride Baker Coles to Huth Dietrich Hahn re handling the tax aspects of the Stock Option Plan separately | 7/1/1997 | SIP Group 856 | |
| 214 | McBride Baker Coles fax  enclosing Memorandum re Trading Restrictions as to the SIP | 7/23/1997 | SIP Group 1017 - 1019 | Redundant |
| 215 | Fax from Lola Hale of McBride Baker & Coles to Scott Harvey of Comdisco attaching  Confidential Checklist for Comdisco | 6/20/1997 | SIPGroup 5497 - 5499 | |
| 216 | Fax to Brian Hart of Winston & Strawn from Lola Miranda Hale of McBride Baker & Coles attaching Resolutions Adopted by the Compensation Committee of the Board of Directors of Comdisco, Inc. on Sunday, February 1, 1998 | 2/9/1998 | JPM-VAL 00300 - 00308 | |
| 217 | Letter to Brian Hart of Winston & Strawn from Lola Miranda Hale of McBride Baker & Coles re: marked up copy of the Facility Agreement with comments | 7/7/1997 | JPM-VAL 00359 - 00360 | Auth. as to handwriting; Incomplete |
| 218 | Fax to Brian Hart of Winston & Strawn from Lola Mirada Hale of McBride, Baker & Coles attaching draft opinion letter of counsel | 7/6/1998 | JPM-VAL 00396 - 00417 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 219 | Fax to Liz Bewley from Lola Miranda Hale of McBride Baker & Coles re:  Letter to Iain Cullen | 1/23/1998 | SIP0049963 - 0049969 | |
| 220 | Fax to Lola M. Hale of McBride Baker & Coles from Matthew D. O'Mara of Winston & Strawn  re:  Project Bulldog- attaching draft Opinion of Counsel for the Company | 1/28/1998 | JPM-VAL 00162 - 00168 | Auth. as to handwriting; incomplete |
| 221 | Memorandum to Lola Hale to Corlene Cathcart re:  Comdisco, Inc. 1997 Incentice Stock Option Program - Regulation U | 6/20/1997 | SIP-Group 877 - 878 | |
| 222 | Memorandum to Lola M. Hale from Corlene A. Cathcart  re:  Regulations D, G, T, U, X and Z | 7/3/1997 | JENNER 00033 -00035 | |
| 223 | Fax to Lola Hale from Matthew D O'Meara re:  Draft counsel opinion with HW notes | 1/28/1998 | JPM-VAL 00162 - 00168 | Redundant |
| 224 | Memorandum from Corlene A. Cathcart to Lola M. Hale  re:  Regulation D, G, T, U, X and Z | 7/16/1997 | JENNER 00038 - 00040 | Auth. as to handwriting |
| 225 | Memorandum to Lola Hale from Corlene Cathcart re:  Comdisco, Inc. 1997 Incentive Stock Option Program - Listing Requirements | 6/20/1997 | SIP-Group 876 | |
| 226 | Letter from Lola Hale to Philip Hewes re:  draft of new Option Plan, S-8 and SIP Plan | 6/12/1997 | SIP2 002501 - 002503 | Redundant |
| 227 | Grid Attached to Master Promissory Note - Advance and Payments of Principal and Interest Chart | 2/10/1998 | | |
| 228 | Memorandum to Dan Clark re Bulldog Project | 1/22/1998 | JPM-VAL 01695 -01709 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 229 | Supplement to the Comdisco Shared Investment Plan | 1/30/1998 | Jenner 00082 - 89 | 401; Auth. |
| 231 | Letter from Gregory S. Murray of Winston & Strawn to Edward A. Pacewicz of Comdisco re: statement for services rendered | 12/23/1997 | SIP0049694 | |
| 232 | Internal Correspondence to Slevin, Hughes, Pacewicz, Pontikes & Vosicky from Scott Harvey re: the purpose of the Comdisco Proposed Shared Investment Plan | 6/20/1997 | SIP-Group 1026 - 1028 | |
| 233 | McBride Baker Coles fax enclosing Overview of SIP and Adoption Process | 1/13/1998 | SIP0039764 - 0039774 | |
| 234 | Comdiso letter to McBride Baker & Coles enclosing a diskette with select SIP materials | 6/11/1997 | SIP-Group 894 | |
| 235 | McBride Baker & Coles letter to Phillip Hewes and Scott Harvey enclosing SIP materials | 6/20/1997 | SIP-Group 5505 - 5506 | Redundant |
| 236 | Letter to Brent McCully, Esq. of the Federal Reserve Bank of Chicago from Corlene Cathcart of McBride, Baker & Coles re: requesting written determiniation of Regulation G and Regulation U | 7/7/1997 | SIP Group 5308-5309 | |
| 237 | Letter to Lola Miranda Hale of McBride, Baker & Coles from James B. McCauley Senior Attorney of Federal Reserve Bank of Chicago re: opinion on status of Regulation G and Regulation U concerning securites purchase | 1/29/1998 | FRBC 000005 - 00000 | Auth. as to handwriting |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 238 | Letter to Lola Miranda Hale of McBride, Baker and Coles from James McCauley  of the Federal re Federal Reserve Bank Of Chicago Opinion | 1/29/1998 | SIP Group 5312- 5313 | |
| 239 | Letter to The First National Bank of Chicago from Lola Hale of McBride Baker & Coles  re: Opinion Letter of Counsel for the SIP Program | 2/10/1998 | SIP-Group 1093 - 1100 | |
| 240 | Invoices from McBride Baker & Coles to Comdisco, Inc | 5/1/1997 | SIP2 004074 - 004126 | Hrsy; 403 |
| 241 | Facsimile message from Lola Hale  to Brian Hart  transmitting revised version of McBride draft opinion | 2/6/1998 | JPM-VAL 00396 - 00417 | Redundant |
| 242 | Confidential & Privileged:  Letter to Nick Pontikes from Scott Harvey  re:  Shared Investment Plan ("SIP")  Summary | 5/27/1997 | | |
| 243 | Internal Correspondence from Scott Harvey re: outline of proposed terms for the SIP | 6/10/1997 | | Auth. as to handwriting |
| 244 | Internal Correspondence from Scott Harvey to Nick Pontikes, Phil Hewes & John Vosicky  re: proposed terms of SIP program | 6/10/1997 | SIP-Group 820 - 821 | |
| 245 | Scott Harvey letter to McBride Baker Coles re scanned documents from the Allegiance Program | 6/10/1997 | SIP Group 895 | Redundant |
| 246 | Scott Harvey Memorandum re Comdisco Proposed Shared Investment Plan- Program Summary | 6/20/1997 | SIP-Group 1026 - 1028 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 247 | Internal Correspondence from Scott Harvey re: purposes of the Comdisco Proposed Shared Investment Plan | 6/23/1997 | SIP-Group 801-803 | |
| 248 | Internal Correspondence from Scott Harvey re: proposed Comdisco 1997 Incentive Stock Option Program | 6/24/1997 | SIP0040023 - 0040030 | |
| 249 | Bulldog Distribution Contact List | 6/25/1997 | SIP-Group 948 - 951 | |
| 250 | Internal Correspondence from Nick Pontikes to Scott Harvey re: meeting with 1st Chicago | 6/6/1997 | SIP0039752 | |
| 251 | Fax to Ed Pacewicz of Comdisco, Inc. from Daniel J. Clarke, Jr. of First Chicago Capital Markets re: Final Execution copy of Commitment Letter and Term Sheet | 6/19/1997 | SIP0039723 - 0039731 | |
| 252 | Comdisco, Inc. Shared Investmant Incentive Plan - Summary of Terms and Conditions | 6/19/1997 | COM/GEN01737 - 01740; COM/HEW001364 - 001367; SIP0039728 - 0039731 | |
| 253 | Scott Harvey Fax rto Brian Hart attaching draft Letter Direction | 6/26/1997 | JPM-VAL 00309 - 00310 | |
| 254 | Minutes of Special Telephonic Meeting of the Board of Directors of Comdisco, Inc. | 6/27/1997 | SIP0024512 | |
| 255 | Memorandum from Brian S. Hart of Winston & Strawn to Pacewicz, Hewes, Harvey, Houser, Hale, Clarke, Artz, Bartol & Hennlley re: Project Bulldog and list of related documents | 6/27/1997 | JPM-VAL 00701 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 256 | Fax to Brian Hart of Winston & Strawn from Liz Bewley of Comdisco, Inc. attaching SIP Key Contacts | 6/27/1997 | JPM-VAL 00744 - 00746 | |
| 257 | Confidential Offering Memorandum Comdisco, Inc. $[75,000,000] Shared Investment Plan Financing | 07/00/1997 | | |
| 258 | Internal Correspondence to Private Distribution from Nick Pontikes re: the Company's consideration of a SIP Program | 7/1/1997 | SIP0039992 - 0039994 | |
| 259 | Internal Correspondence from Nick Pontikes re: Comdisco SIP disclosing confidential market sensitive information with signed acknowledgments attached | 7/1/1997 | SIP-Group 993 - 1015 | |
| 260 | Internal Correspondence to Cathie Hollowell - HRD from Liz Bewley re: Top 325 List | 7/3/1997 | SIP0039995 - 0039997 | |
| 261 | Letter to Rick Kash from H. Scott Harvey re: Comdisco Shared Investment Program requesting comments by 7/22/97 | 7/7/1997 | SIP0039996 | |
| 263 | Letter from Karl M. Ahlm of Winston & Strawn to Scott Harvey of Comdisco re: Bulldog Project and list of transaction documents | 7/8/1997 | JPM-VAL 00698 | |
| 264 | Letter from Scott Harvey to John Vosicky re: the proposed Comdisco Shared Investment Program | 7/9/1997 | SIPGroup 5465 - 5466 | |
| 265 | Memorandum from Brian Hart to Comdisco re: Project Bulldoge documents for review | 7/10/1997 | SIP0049484 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 266 | Winston & Strawn Memorandum re Project Bulldog | 7/10/1997 | JPM-VAL 00612 - 00613 | Redundant |
| 267 | Draft of Legal Opinion to First Chicago Regarding SIP Loan Transactions Diligence Checklist | 7/22/1997 | JENNER 00043 - 00044 | Auth. as to handwriting |
| 268 | Scott Harvey Memorandum Re: Comdisco SIP/Confidentiality Provisions and Stock Trading Restrictions | 7/29/1997 | SIP-Group 5518 - 5523 | |
| 269 | E-mail from Rosemary Geisler to Nick Pontikes re:  FMD recommended list of names for SIP | 12/10/1997 | CDO/JV000923 | |
| 270 | Notice/Agenda of the Annual Meeing of Stockholders Meeting | 12/22/1997 | | 401 |
| 271 | JV's Original Internal Correspondence to Board of Directors from John Vosicky re: Shared Investment Plan Revisited | 12/31/1997 | SIP2 003452 - 003454 | |
| 272 | Internal Correspondence to the Board of Directors from John Vosicky re:  Shared Investment Plan Revisited | 12/31/1997 | SIP0029848 - 0029849 | Redundant |
| 273 | Fax from Peter Bartol  & Michael Kingsley of First Chicago Capital Markets re: Syndication Status Report as of 3/4/98 | 3/4/1998 | JPM-VAL 00465 -00466 | |
| 274 | Fax to John J. Vosicky from Ida Scalise re: Confidential draft letter to customers about the SIP | 12/29/1998 | SIP2 003468 - 003476 | |
| 275 | Comdisco Shared Investment Plan Timeline | | SIP0049838 - 0049840 | |
| 276 | Shared Investment Plan agenda with handwritten notes | | SIP2 002713 - 002714 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 277 | Internal Correspondence to Nick Pontikes from Scott Harvey re:  Shared Investment Plan ("SIP") Summary | 5/27/1998 | COM/HEW001484 - 001484; COM/GEN01854 - 01857 | Redundant |
| 278 | Draft 1997 Comdisco, Inc. Incentive Stock Option Program | | SIP2 002504 - 002514 | Redundant |
| 279 | SIP Break Even Analysis with Article | | SIP2 003141 - 003416 | Redundant in part; hrsy |
| 280 | Private Distribution List attached to newspaper article on Allegience | | SIP2 003054 - 003056 | Redundant in part; hrsy |
| 281 | Questions You Should Ask Yourself/Questions for Comdisco | | | |
| 282 | Fax to Jim Moore attaching various newspaper articles about Comdisco SIP Plan | | JPM-VAL 00914 -00923 | |
| 283 | Comdisco, Inc. Top Performers Meeting Agenda and Materials held in Palm Sprin | 1/28/1998 | SIP0014074 - 0014085 | |
| 284 | Public Disclosures Comdisco, Inc. SIP - 1998 | | Various | Redundant in part |
| 285 | Bulldog Deal Team Contact List | | SIP0040010 | |
| 286 | Acknowledgment by Edward A. Pacewicz of Comdisco, Inc. of receipt of Letters of Direction from each of the Borrowers identfied on Schedule 1 | 2/10/1998 | JPM-VAL 01063 - 01066 | |
| 287 | Internal Correspondence from Scott Harvey to File re:  Credit Review Process with 1st Chicago | 1/30/1998 | SIP0039780 - 0039781 | |
| 288 | Statement of Purpose for an Extension of Credti Secured by Margin Stock by a Perosn Subject ot Registration Under Regulation G Form (Federal Reserve Form G-3) | | | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 289 | Statement of Purpose for an Extension of Credit Secured by Margin Stock (Federal Reserve Form U-1) | | | |
| 290 | Break-even Factors | | SIP-Group 981-985 | |
| 291 | SIP Participants Break-Even Analysis | | SIP0029851 - 0029852 | |
| 292 | Shared Investment Plan Analysis "For Illustrative Purposes Only" | | SIP2 000012 - 000014; DAV0086 - 0088 | |
| 294 | Draft SIP Plan documents | | JPM-VAL- 00541 - 00564 | |
| 295 | Shared Investmant Plan Analysis with handwritten notes | | HER 0019 - 0022 | Auth. as to handwriting |
| 296 | Shared Investment Plan Talking Points | 2/2/1998 | HER 0055 | |
| 297 | Fax to John Vosisky attaching draft customer letter re SIP | 1/29/1998 | SIP2 003467 - 003476 | Redundant |
| 298 | Comdisco, Inc. Shared Investmant Incentive Plan, Summary of Terms and Conditions | 1/29/1998 | COM/HEW001447 - 001450; COM/GEN01820 - 01823 | |
| 299 | Letter from First Chicago to Edward A. Pacewicz re:  Fee Letter | 1/30/1998 | COM/GEN01941 - 01942 | |
| 300 | Draft SIP Plan documents - SIP Check List | | JPM-VAL 00507 -00540 | |
| 301 | Fax from Michael Kingsley of First Chicago Capital Markets, Inc. re:  Project Bulldog - Revised Term Sheet and versions of 1st Chicago Commitment and Fee Letters | 1/29/1998 | JPM-VAl 00001 - 00010 | |
| 302 | The First National Bank of Chicago Bulldog Transaction - Working Group Contact List | 1/23/1998 | JPM-VAL 00888 - 00890 | |
| 303 | Comdisco, Inc. Top Performers Meeting Agenda January 28 - February 1, 1997 | | SIP0014078, LT0185 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 304 | Fax Cover Sheet to Edward Pacewicz of Comdisco, Inc. from Daniel J. Clarke of First Chicago Capital Markets re Commitment and Fees Lettter | 1/30/1998 | | |
| 305 | Comdisco, Inc. Shared Investmnet Plan Financing | | | |
| 306 | Officer's Certificate signed by John Vosicky | 2/10/1998 | | |
| 307 | Comdisco, Inc. Shared Investment Plan Prospectus with handwritten notes | | COM/SLE001281 - 001286 | |
| 308 | Confidential and Privilege Checklist Concerning Adoption of SIP | | SIP-Grop 5507 - 5517 | Last page appears unrelated; Redundant |
| 309 | Scott Harvey Memorandum re Credit Review Process | 2/12/1998 | COM/HEW001650; COM/GEN02023; SIP0039781 | Last page appears unrelated; Redundant |
| 310 | Bulldog Deal Team - Contact List | 1/21/1998 | COM/HEW001381; COM/GEN01754 | |
| 311 | Internal Correspondence to Phone Conferees from Jack Slevin and Nick Pontikes re:  Management Strategy Meeting January 30, 1998 | 1/28/1998 | SIP0039775; COM/GEN02017 | |
| 312 | Rosemont  Meeting Coordinator - Scott Harvey  Name Checklist | | SIP0039837 - 0039838; COM/GEN02448 - 02449 | |
| 313 | Internal Correspondence to All Comdisco Employees from Jack Slevin and Nick Pontikes  re:  New Shared Investment Plan | 2/2/1998 | SIP0113426 - 0113428 | Redundant |
| 314 | Exhibit A:  Comdisco Board of Directors Resolutions at January 20th Board Meeting | | | Redundant |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 315 | Overview of SIP and Adoption Process | | COM/HEW003101 - 003129; COM/GEN03475 - 03503; SIP0040056 - 0040084 | |
| 316 | Fax to Pat Hennelly of First Chicago from Edward A. Pacewicz of Comdisco, Inc.  re: Schedule 1.01 Interest Payment Dates | 1/21/1998 | JPM-VAL 00255 - 00263 | |
| 317 | Handwritten note from John Vosicky to Nick Pontikes re individuals to participate in the SIP offering | | COM/HEW001583; COM/GEN01956 | |
| 318 | Handwritten Notes | | COM/HEW001370 - 001372; COM/GEN01743 - 01745; SIP0039734 - 0039736 | Auth. |
| 319 | Handwritten Notes | | JENNER 00051 - 00055 | Auth.; Hrsy; 401; 403 |
| 320 | Handwritten Notes | | JENNER 00061 - 00067 | Auth.; Hrsy; 401; 403 |
| 321 | Handwritten Notes | | JENNER 00048 - 00050 | Auth.; Hrsy; 401; 403 |
| 322 | Hand written Chart of calculations | | WOL 0030, SIP2 000465 | Auth.; Hrsy; 401 |
| 323 | Handwritten Notes | | FIN 0029 - 0031 | Auth.; Hrsy; 401 |
| 324 | E-mail from Rosemary Geisler to Nick Pontikes re:  FMD reccommended list of names for SIP with two handwritten additions to the list | 1/18/1998 | SIP-Group 1066 | |
| 325 | Kenning SIP List | 1/21/1998 | SIP-Group 1070 | |
| 326 | Internal Correspondence to SIP Participants from Richard Finocchi re: SIP Model | 1/27/1998 | HEWES 0244 | |
| 327 | Internal Correspondence to Shared Investment Program Participants from Phil Hewes  re:  Shared Investment Program - SIP Relief | 1/3/2001 | SIP-Group 445 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 328 | E-mail to Scott Harvey & Madonna Houser from Rita Donoghue re: Confidential attachment and spreadsheets mentioned in P. Hewes voicemail | 4/5/2001 | SIPGroup 5329 - 5336 | |
| 329 | Internal Correspondence to Norm Blake from Scott Harvey re: Comdisco Shared Investment Plan- possible SIP Relief Options | 4/5/2001 | COM/HEW001339 - 001342; COm/GEN01712 - 01715; SIP0039703 - 0039706 | Last page appears unrelated |
| 330 | Madonna Houser Memorandum to Edward Pacewicz Re: Due SIP Interest Payment | 5/18/2001 | SIP2 000196 - 00197; PAC 055 - 056 | |
| 331 | Norm Blake letter to SIP Defendant re their SIP obligations | 5/21/2001 | WOL 0025 - 0026; SIP0041460 - 0041464 | |
| 332 | Draft Norm Blake letter to SIP Participants re their obligations under the SIP | 5/23/2001 | COM/HEW001378 - 001379; COM/GEN01757 - 01752; SIP 0039742 - 0039743 | |
| 333 | Norm Blake e-mail re SIP Defendant liability | 5/29/2001 | WOL 0028 - 0029 | |
| 334 | Caroline Walter e-mail Re: Due SIP Payments | 6/12/2001 | SIP-Group 514 | |
| 335 | Comdisco letter to SIP Particiapnt re Eligibility for SIP Relief | 12/9/2002 | WOL 0060 - 0065 | |
| 336 | SIP Promissory Note Annual Administrative Agent's Fee Due Statement from Bank One Corporation | 3/3/2000 | | |
| 337 | Letter to Nick Pontikes of Comdisco, Inc. from John Kenning re: Resignation | 4/28/2000 | SIP0060278 | 401 |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 338 | Letter to Donald Messmer of ChaseMellon from Madonna Houser of Comdisco re: stock certificate and executed Stock Power of Jack Slevin | 12/16/1998 | | |
| 339 | E-mail from Janelle McGeeney re: Comdisco Organizational Charts | 2/9/2000 | SIP0093177 - 0093190 | |
| 340 | Eight Tolling Agreement Comdisco Shared Investment Plan Participants' Claims | 12/23/2003 | | |
| 341 | Melllon Bank Book-Entry Transactions re Edward A. Pacewicz | 3/20/2007 | Various | |
| 342 | Comdisco SIP Clearing Bank Account info (Hand written) | | SIP2 003795 - 003796 | Auth.; 401 |
| 343 | Comdisco, Inc. Bank Account info (Hand written) | | SIP2 003797 - 003798 | Auth.; 401 |
| 344 | Shared Investment Plan Interest Calculation Chart | | SIP2 000603 -0000604 | Auth. |
| 345 | Handwritten Notes | | COM/HEW001584; COM/GEN01957 | Auth. |
| 346 | Chart of Comdisco Stock pricing for 1/1/98 - 1/31/02 | | | |
| 347 | Contingent Equity Distribution Thresholds Chart | | | Auth.; 401 |
| 348 | Exhibit C-2 Contigent Equity Distribution Agreement | | | 401 |
| 349 | Comdisco Stock Trading History | | | |
| 350 | Bio of Edward A. Pacewicz Senior Vice President and Treasurer | | SIP0115124 | |
| 351 | Memorandum from Corlene Cathacart to Lola M. Hale re Regulations D, G, T, U, X and Z | 7/16/1997 | Jenner 00437 - 437 | Auth. as to handwriting; Hrsy |
| 352 | Confidential and Privileged Checklist re Stock Option Plan | | SIP0049683 - 0049693 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 353 | Letter from Liz Bewley to Lola Hale re: Comdisco Sip | 6/11/1997 | SIP0049693 | |
| 354 | Confirmation of the terms of the SIP transaction From First National Bank of Chicago | 2/2/1998 | COM/HEW001436 - 001440 ; COM/GEN01809 - 01813 | |
| 355 | Fax from Dan Clarke to Ed Pacewicz | 6/17/1997 | SIP-Group 695-699 | |
| 356 | Comdisco, Inc. Shared Investment Plan Financing | | SIP-Group 686-692 | |
| 357 | Mellon Bank's Trust Share Account re SIP Defendant Slevin | | | |
| 358 | CDRs in Comdisco Holding held by Mellon Bank re SIP Defendants | | | Auth.; 401 |
| 359 | 1998 List | 1/27/1998 | COM/HEW001327-001330 COM/GEN01700-01703 SIP0039812-39815 | |
| 360 | Key Points About the Allegiance SIP with Internal Correspondence dated 6/23/97 attached | 6/23/1997 | SIP0039962 - 0039973 | Redundant; last two pages unrelated |
| 361 | Letter to Edward A. Pacewicz of Comdisco, Inc. from First Chicago re: Commitment Letter | 1/30/1998 | JPM-VAL 00011 - 00017 | |
| 362 | Greg Murray Bio | 6/20/2013 | | |
| 363 | Greg Murray Transaction Experience from W&S Website | 6/20/2013 | | |
| 364 | JPMorgan Privilege Log | 6/25/2013 | | |
| 365 | Project Horizon | | | |
| 366 | Project Horizon | | | |
| 367 | Memo from Christine Mondero to Pat Hennelly, Lynne Kaye and Todd Ritz | 3/5/1999 | JPM-VAL 01648-01655 | |
| 368 | Underwriting Committee Memorandum | 6/12/1997 | JPM-VAL 01710-01715 | |
| 369 | Fax from Dan Clarke to Ed Pacewicz | 6/17/1997 | SIP-Group 695 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 370 | Email from Thomas McDowell to Barry Sabloff re project bulldog | 2/3/1998 | JPM-VAL 00859 | |
| 371 | Fax from Dan Clarke to Ed Pacewicz | 1/30/1998 | JPM-VAL 00449-00459 | |
| 372 | 1998 Comdisco, Inc. Fiscal Year End Financial Review | 12/00/1998 | SIP2 003908 - 003990 | |
| 373 | Comdisco, Inc. Form 10-K -- Annual Report for Fiscal Year Ended Sept. 30 1998 | 12/30/1998 | | |
| 374 | Comdisco Form 10-K - Annual report (Section 13 and 15(d), not S-K Item 405) Exerpts from both 1998 and 1999 fiscal years | 12/30/1998 | | |
| 375 | Comdisco, Inc. 10-Q Report | 3/31/2002 | | |
| 376 | Comdisco, Inc. 10-Q Report | 6/30/2002 | | |
| 377 | Comdisco, Inc. 10-K Report | 9/30/1999 | | |
| 378 | Comdisco, Inc. 10-K Report | 9/30/2000 | | |
| 379 | Comdisco, Inc. Form 10-K-A Filing Information Annual report - Amend For Period 9-30-1998 | 4/29/1999 | | |
| 380 | Exerpts Comdisco, Inc. Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended September 30, 1998 | 12/30/1998 | | |
| 381 | 1997 Fiscal Year End Credit Presentation | 12/00/1997 | SIP2 003804 - 003907 | |
| 382 | Comdisco, Inc. 10-K Report | 9/30/1997 | | |
| 383 | Comdisco, Inc. Fiscal Year End Review December 1998 Agenda | | SIP2 003909 - 003990 | |
| 384 | Comdisco 1997 Annual Report | | SIP Group 00131 - 00181 | |
| 385 | Comdisco Annual Report 1999 | 00/00/1999 | SIP0092095 - 0092158 | |
| 386 | Comdisco 2000 Annual Report | 00/00/2000 | SIP0097583 - 0097651 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 387 | Executed Letter of Direction re Sun Communities SIP Program | 12/10/1998 | WS004580 - 004581 | |
| 388 | Baxter International, Inc. Shared Investment Plan | | SIP Group 1290 - 1314 | |
| 389 | Key Points About the Allegiance SIP | | COM/HEW003007 - 003013; SIP0039962 - 0039968; COM/GEN03381 - 03387 | Redundant |
| 390 | Baxter International, Inc. Shared Investment Plan Summary/ Intro/Outline | | SIP-Group 1290 - 1295 | Redundant |
| 391 | Handwritten Notes Comparing Baxter and Allegiance Plans | | SIP2 002708 - 002710 | Auth. |
| 392 | Additional Handwritten Notes Comparing Baxter and Allegiance Plans | | SIP2 002711 - 002712 | Auth. |
| 393 | Chart comparing Baxter, Allegiance & Comdisco SIP Plans | | COM/HEW002997 - 002999; COM/GEN03371 - 03373; SIP0039952 - 0039954 | Redundant |
| 394 | Pages of the Allegiance SIP Plan re Interest Rate Structure | | | Redundant |
| 395 | Thomas Brown Letter to Michael Mullins re enclosing the final copy of the Baxter '99 Plan | 5/13/1999 | WS003447 - 003457 | |
| 396 | Baxter 1994 Opinion of Counsel re SIP from Skadden | 6/22/1994 | EWP01994 - 02001 | |
| 397 | Baxter SIP Plan | | SIP0049912 - 0049922 | Auth. as to handwriting; redundant |
| 398 | News Article re Allegiance Management Buys 2.4 Milliion Shares - Aligning Investor and Management Interests | | | Redundant |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 399 | Winston & Strawn Memorandum enclosing schedule for the Baxter 94 SIP | 7/13/1994 | EWP01626 - 01630 | |
| 400 | Various documents showing terms of the Baxter and Allegiance SIP | | Various | Redundant |
| 401 | Baxter International Shared Investment Plan | 00/00/1994 | SIP-Group 1290-1295 | Redundant |
| 402 | Baxter International Shared Investment Plan | 00/00/1994 | SIP-Group 1306-1314 | Redundant |
| 403 | Allegiance SIP Document | | SIP-Group 796-799 | Auth.; Incomplete; Redundant |
| 404 | Greg Murray Fax to James Williams at Jostens re language in the Reimbursement Agreement of Jostens Plan | 2/4/1999 | Jostens 154 - 155 | |
| 405 | Jim Blanco Letter to James Williams attaching draft Reimbursement Agreement of the Jostens, Inc. program | 2/2/1999 | Jostens 143 - 153 | |
| 406 | AmerUs Life Holdings, Inc. Facility and Guaranty Agreement | 2/12/1999 | 000345 - 000417 | |
| 407 | Sun Communities Working Group Contact List | | 000923 - 000924 | |
| 408 | Amerus Life Holdings, Inc. Facility and Guaranty Agreement | 2/12/1999 | WS003950 - 004022 | |
| 409 | Bank One fax attaching Amerus Life Holdings, Inc. Executiive Stock Purchase Plan | 12/7/1998 | WS004036 - 004052 | |
| 410 | Amendment No. 1 to the Jostens Facility and Guaranty Agreement | 3/25/1999 | WS004103 - 004105 | |
| 411 | Jostens, Inc. Facility and Guaranty Agreement | 2/26/1999 | WS004106 - 004141 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 412 | Jaffe Raitt Heuer & Weiss Opinion Letter re Sun Communities SIP Prrogram | 12/15/1998 | WS004270 - 004281 | |
| 413 | Oppenheimer Wolff & Donnelly LLP Opinion Letter re Jostens, Inc. SIP Program | 3/1/1999 | WS004142 - 004145 | |
| 414 | Consent Resolution of the Board of Directors of Sun Communities, Inc. | 12/15/1998 | WS 005677 - 005689 | |
| 415 | Executed Business Purpose Affidavits re Sun Communities SIP Program | 12/14/1998 | WS006709 - 006754 | |
| 416 | Executed Letter of Directions as to Developers Diversified Realty Corp. SIP Program | 11/16/1998 | WS009089 - 009091 | |
| 417 | Jonathan Fellman Letter to Bill Schaefer attaching Developers Diversified ESP documents | 7/31/1998 | 000244 - 000259 | |
| 418 | Dominion Resources, Inc.  Facility and Guaranty Agreement | 10/2/2000 | 000633 - 000697 | |
| 419 | McGuire Woods Battle & Boothe, LLP Opinion Letter re Dominion Resources, Inc. SIP Progran | 2/3/2000 | WS003392 - 003397 | |
| 420 | Allegiance Opinion of Counsel Letter from Skadden | 5/9/1997 | WS003351 - 006635 | |
| 421 | Chicago Tribune Article "Managers' stock buying shows allegiance to Allegiance" | 5/6/1997 | | Redundant |
| 422 | Allegiance Corporation Facility and Guaranty Agreement | 5/2/1997 | SIP0026292 - 0026332 | |
| 423 | Allegiance Corporation Shared Investment Plan Summary | 4/27/1997 | SIP0026195 - 0026228 | |
| 424 | Lynne Kaye Letter to Richard Wohlmacher regarding ESPs | 3/3/1999 | WS003398 - 003430 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 425 | Bank One Letter to Masco Corporation re terms of ESP | 4/18/2000 | 000630 - 000632 | |
| 426 | Template of Executive Stock Purchase ("ESP") Program Offering Materials | | WS003402 - 003424 | |
| 427 | Handwritten Notes | | SIP-Group 1253 - 1254 | |
| 428 | Baker & Hostetler Opinion of Counsel re Developers Diversified | 11/16/1998 | WS009077-009087 | |
| 429 | Certificate of Developers Diversified Finance Corporation | 8/11/1998 | WS007725-007753 | |
| 430 | Facility and Guaranty Agreement for Developers Diversified | 11/10/1998 | WS006762-006843 | |
| 431 | Baxter 1994 Facility and Guaranty Agreement | 6/15/1994 | EWP01642 - 01716 | |
| 432 | Email from Pat Hennelly to Lynne Kaye | 2/24/1999 | JPM-VAL 01478 | |
| 433 | Baxter International, Inc. Officer's Certificate | 6/15/1994 | EWP 02002-02004 | |
| 434 | Sabel Supp. Tab. 2 Jerald Holisky deposition with exhibits | | | Redundant |
| 436 | Supplemental Expert Report of Bradley K. Sabel  re:  Comdisco SIP Note Enforcement Litigation | 3/14/2013 | | Hrsy; 403; 702; 703 |
| 437 | Biography of Bradley K. Sabel of Shearman & Sterling, LLP | | | |
| 438 | Article:  Basel Developments:  A Renewed Focus on Credit Risk Mitigation Transactions and Regulatory Capital Arbitrage | 5/3/2013 | | |
| 439 | Expert Report of Bradley K. Sabel  re: Comdisco SIP Note Enforcement Litigation | 1/14/2013 | | Hrsy; 403; 702; 703 |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 440 | C. Rechlin, Securities Credit Regulation section 9.04[6][c][ix] | 00/00/1994 | | Auth; hrsy; incomplete |
| 441 | Federal Reserve Bulletin pages 250-253 | 04/00/1936 | | |
| 442 | Regulations U and interpretations and opinions thereof F.R.R.S. paragraphs 5-745 through 5-965 | | | 401 |
| 443 | Code of Regulations, Title 12-Banks and Banking, Chapter 11- Federal Reserve Sysem, 12 C.F.R. Section 207.103 | | Jenner 00217 - 218 | |
| 444 | Federal Register Rules and Regulation, Title 12- Banks and Banking, Chapter 11- Federal Reserve System, Vol. 34, No. 81 | 4/29/1969 | Jenner 00219 - 221 | Auth. |
| 445 | Bankers Online.com - Regulation U - Sec, 221.118 Bank Arranging for Extension of Credit by Corporation and other news articles | 4/26/2002 | HEWES 0323 - 0332 | |
| 446 | Regulation U - Part 221 - Credit Extended by Banks for the Purpose of Purchasing or Carrying Margin Securities | | JENNER 00068 - 00074 | Auth. as to handwriting |
| 447 | Comdisco Sale Notices to the Secretary of Comdisco, Inc. and Agreement Regarding the Sale Proceeds | 5/3/1999 | COM/GEN01217 - 01238; SIP0049362 - 0049336 | |
| 448 | Assignment and Assumption Agreement and Novation Agreement | 12/17/1998 | SIP0116164 - 116168 | |
| 449 | Comdisco letter to Richard Frank Re: SIP Termaination with Novation Agreement | 4/14/1999 | SIP0116018 - 116023 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 450 | Blank Authorization to  1st Chicago re the "Comdisco SIP Clearing Account" | 4/7/1998 | COM/HEW003144; COM/GEN03518; SIP0040099 | |
| 451 | Draft Letter to Ms. Anita Ribas Groom of First Chicago Private Banking and Investments from Comdisco, Inc. re authorization to open Comdisco SIP Clearing Account | 4/7/1998 | | Redundant |
| 452 | Acknowledgment and Conset executed by C. Keith Hartley | 11/3/1998 | SIP0116158 | |
| 453 | Instructions for Selling SIP Shares | | SIP0027945 | |
| 454 | SIP Participants who sold their SIP Shares | | SIP0049316 - 0049360 | |
| 455 | The Verified Fourth Amended Complaint of John W. Costello, as Litigation Trustee, Plaintiff v. Jack Slevin, et.al., Defendant in Case No. 05 L 1370  in the Circuit Court of Cook County Department, Law Division | 1/4/2013 | | 401 |
| 470 | Debtors' Amended Specific Objection to Claim File by Bank One Under 11 U.S.C. Section 102(1), 105(A)  and Fed. R. Bankr. P. 3007 | 1/23/2003 | | |
| 471 | Debtor's Objection to Claim Filed by Bank One Under 11 U.S.C. Section 102 (1), 105 (A) and Fed. R. Bankr. P. 3007 | 6/29/2002 | | |
| 472 | Transcript of Proceedings before the Honorable Bruce W. Black | 4/24/2003 | 00607 - 00657 | |
| 473 | Transcript of Proceedings Before the Honorable Bruce W. Black | 12/9/2004 | | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 474 | Proffer by Comdisco Holding Company of Testimony of Robert E.T. Lackey | 12/9/2004 | | |
| 475 | Order Authorizing Modification to SIP Relief | 11/27/2002 | COM/GEN004038 - 004042 | |
| 477 | SIP Claimant's Response to Comdisco's Amended Specific Objections to Claims Filed by Edward A. Pacewicz Under the Comdisco Shared Investment Plan Under 11 U.S.C. Sections 102(1), 105(A), 502 (B) and Fed. R. Bankr. P. 3007 | 5/27/2005 | | |
| 478 | Stipulation and Agreed Order Allowing the Withdrawal of the SIP Claims Pursuant to the Conditions Set Forth Herein and Each SIP Claimant's Covenant Not to Sue | 11/8/2007 | | |
| 479 | Objection of Certain SIP Participants to Comdisco Holding Company, Inc.'s Notice Regarding Modification of SIP Relief | 7/29/2002 | SIP0029254 - 0029540 | |
| 480 | Excerpt of Proceedings before Judge Black | 6/28/2007 | | |
| 481 | Certain SIP Participants' Petiton for Declaratory Relief | 1/10/2003 | | |
| 482 | Brief of Reorganized Debtor - Appellant | 1/9/2004 | | |
| 483 | Stipulation of Findings and Agreed Order | 12/9/2004 | | |
| 484 | Certain SIP Participants' Petition for Declaratory Relief | 2/18/2003 | | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 485 | Excerpt of the Transcript of Proceedings before the Honorale Ronald Barliant | 7/30/2002 | | |
| 486 | Findings of Fact, Conclusions of Law and Order Confirming The First Amended Joint Plan of Reorganization of Comdisco, Inc. ("Confirmation Order and Confirmed Plan") | 7/31/2002 | | |
| 487 | Assignment Agreement: Borrowers Who Did Not Accept Relief | 12/22/2004 | | |
| 488 | First Amended Joint Plan of Reorganization of Comdisco, Inc. and its Affiliated Debtors and Debtors in Possession dated June 13, 2002 | 6/13/2002 | | |
| 489 | Notice of Filing, Comdisco Litigation Trust Agreement (Revised), First Amendment to Comdisco Litigation Trust Agreement and Second Amendment to Comdisco Litigation Trust Agreement | 12/8/2004 | | |
| 543 | Deposition Subpoena served to the Federal Reserve Bank of Chicago | 10/3/2012 | | |
| 610 | Fax to William J. Raleigh from Juris Kins of Davis McGrath re: In re: Comdisco, Inc. Case No. 01-24795 Comdisco SIP Proof of Claim Matters Lawrence Mitzen Supplemental Answers to Interrogatories | 2/5/2007 | | 401 |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 630 | Letter to Catherine Mathews Graf from Juris Kins re: Costello v. Paul Case No. 05 C0776 Supplemental Response to Costello Interrogatories | 3/8/2007 | | 401 |
| 663 | Letter to W. Allen Woolley of Edwards Wildman from Federal Reserve Bank of Chicago re: Document Subpoena Served on Federal Reserve Bank of Chicago | 11/13/2012 | | |
| 664 | Letter to Catherine Mathews Graf of Wildman Harrold from Gina Marziani of Davis McGrath re: Authentication of Presentation Binder and Audio Tapes | 1/18/2007 | | 401 |
| 666 | Biography of Jerry Holisky of Aronberg Goldgehn Law Firm | 1/28/2013 | | |
| 667 | Irrevocable Delivery Instructions and Security Agreement signed by Edward A. Pacewicz | 5/12/1999 | SIP0074897 | 401 |
| 668 | Package to John Blair from Nanzeen Razi of Comdisco re: Eligibility for SIP Relief | 12/9/2002 | COM/GEN 003997 - 004036 | Redundant |
| 671 | Audio Tape of SIP Presentation | | | |
| 672 | Audio Tape of SIP Presentation | | | |
| 673 | 1/30/98 Transcript of the SIP Presentation | 1/30/1998 | | |
| 674 | 1/31/1998 Transcript of the Question and Answer portion of the SIP Presentation | 1/31/1998 | | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 675 | Stipulation and Agreed Order Allowing the Withdrawal of of the SIP Claims Pursuant to the Conditions Set Forth Herein and Each SIP Claimant's Covenant Not to Sue | 11/8/2007 | | |
| 678 | Scott Harvey Proof of Claim | 11/27/2001 | | |
| 684 | Edward Pacewicz Proof of Claim | 11/27/2001 | | |
| 691 | Worksheets of Principal and Interest for Each Federal Defendant | | | Auth; Hrsay; please provide Declaration as next step as previously requested |
| 692 | Total Prinicial and Interest for Each Federal Defendant | | | Auth; Hrsay; please provide Declaration as next step as previously requested |
| 693 | Joseph J. Scozzafava Proof of Claim | 11/26/2001 | | |
| 694 | Gregory A. Weiss Personal Financial Statement | 2/7/1998 | | |
| 695 | Bank One Letter of Acceleration of Promissory Note directed to Roman Brunner | 7/16/2001 | | |
| 696 | Bank One Acceleration of Promissory Note directed to Mike J. Poisella | 7/16/2001 | | |
| 697 | Bank One Acceleration of Promissory Note directed to Joseph J. Scozzafava | 7/16/2001 | | |
| 698 | Bankl One Acceleration of Promissory Note directed to Gregory A. Weiss | 7/16/2001 | | |
| 699 | Roman Brunner Answer and Defenses to Corrected Second Amended Complaint | 7/23/2012 | | Objections Reserved |
| 700 | Mike J. Poisella Answer and Defenses to Corrected Second Amended Complaint | 7/23/2012 | | Objections Reserved |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 701 | Joseph J. Scozzafava Answer and Defenses to Corrected Second Amended Complaint | 7/23/2012 | | Objections Reserved |
| 702 | Gregory A. Weiss Answer and Defenses to Corrected Second Amended Complaint | 7/23/2012 | | Objections Reserved |
| 703 | Roman Brunner Answer to First Set of Requests for Admisssion | 6/26/2007 | | Objections Reserved |
| 704 | Michael J. Poisella Answer to First Set of Requests for Admisssion | 3/9/2006 | | Objections Reserved |
| 705 | Joseph J. Scozzafava Answer to First Set of Requests for Admisssion | 3/9/2006 | | Objections Reserved |
| 706 | Gregory A. Weiss Answer to First Set of Requests for Admisssion | 3/9/2006 | | Objections Reserved |
| 707 | Roman Brunner Objections to Second Set of Requests to Admit | 5/3/2013 | | Objections Reserved |
| 708 | Michael J. Poisella Objections to Second Set of Requests to Admit | 5/3/2013 | | Objections Reserved |
| 709 | Joseph J. Scozzafava Objections to Second Set of Requests to Admit | 5/3/2013 | | Objections Reserved |
| 710 | Gregory A. Weiss Objections to Second Set of Requests to Admit | 5/3/2013 | | Objections Reserved |
| 711 | Roman Brunner Answer to First Set of Interrogatories | 6/12/2007 | | Objections Reserved |
| 712 | Michael J. Poisella Answer to First Set of Interrogatories | 3/31/2006 | | Objections Reserved |
| 713 | Joseph J. Scozzafava Answer to First Set of Interrogatories | 3/31/2006 | | Objections Reserved |
| 714 | Gregory A. Weiss Answer to First Set of Interrogatories | 3/31/2006 | | Objections Reserved |
| 715 | Roman Brunner Objections to Third Set of Interrogatoires | 5/3/2013 | | Objections Reserved |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 716 | Michael J. Poisella Objections to Third Set of Interrogatories | 5/3/2013 | | Objections Reserved |
| 717 | Joseph J. Scozzafava Objections to Third Set of Interrogatories | 5/3/2013 | | Objections Reserved |
| 718 | Gregory A. Weiss Objections to Third Set of Interrogatories | 5/3/2013 | | Objections Reserved |
| 719 | Declaration of Roman Brunner | 5/30/2008 | | Objections Reserved |
| 720 | Declaration of Mike J. Poisella | 5/30/2008 | | Objections Reserved |
| 721 | Declaration of Joseph J. Scozzafava | 5/30/2008 | | Objections Reserved |
| 722 | Declaration of Gregory A. Weiss | 5/30/2008 | | Objections Reserved |
| 723 | Karen Carlson e-mail to Gregory Weiss re Shared Investmany Plan Interest Calculation | 4/5/2002 | SIP2 000601 - 000602 | |
| 724 | Letter to Greg Weiss from Norman Blake of Comdisco | 5/23/2001 | SIP2 000584 - 000586; WEI 0003 - 00006 | |
| 725 | Separation Agreement and General Release for Mike Poisella | 2/2/2002 | COM/GEN003983 - 003987 | |
| 726 | Separation Agreement and General Release for Joseph Scozzafava | 7/19/2001 | COM/GEN003988 - 003991 | |
| 727 | Personal Financial Statement of Roman Brunner | 2/2/1998 | | |
| 728 | Personal Financial Statement of Michael J. Poisella | 2/3/1998 | | |
| 729 | Personal Financial Statement of Joseph J. Scozzafava | 2/1/1998 | | |
| 730 | Personal Financial Statement of Gregory A. Weiss | 2/7/1998 | | Redundant |
| 731 | Master Promissory Note for $552,000 signed by Roman Brunner | 2/10/1998 | | |
| 732 | Master Promissory Note for $552, 000 signed by Joseph J. Scozzafava | 2/10/1998 | | |
| 733 | Master Promissory Note for $552,000 signed by Gregory A. Weiss | 2/10/1998 | | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 734 | Confirmation of Exercise Forms for Roman Brunner | 8/10/2000 | Various | 401 |
| 735 | Confirmation of Exercise Form for Michael Poisella | 3/24/2000 | Various | 401 |
| 736 | Internal Correspondence to Kevin Murphy from Gina Parra re:  Exercise of Stocks / Joseph J. Scozzafava | 3/20/1998 | Various | 401 |
| 737 | Letter to Roman Brunner From Randolph I. Thornton  re:  Offer of SIP Relief by Comdisco Holding Company, Inc. (f/k/a Comdisco, Inc.)(the Company) | 12/13/2004 | COM/BRU 000005 - 000021; COM/GEN 004043 - 004059 | |
| 738 | Letter to Mike Poisella from Nanzeen Razi of Comdisco re:  Eligibility for SIP Relief - Time Sensitive Information | 12/9/2002 | COM/GEN004636 - 004342 | |
| 739 | Offer of SIP Participant Relief - Mike Poisella Documents | | Various | |
| 740 | Letter to Joseph Scozzafava from Nanzeen Razi of Comdisco re:  Eligibility for SIP Relief - Time Sensitive Information | 12/9/2002 | COM/GEN004814 - 004820 | |
| 741 | Joseph Scozzafava Documents | | Various | |
| 742 | Letter to Gregory Weiss from Nanzeen Razi of Comdisco re:  Eligibility for SIP Relief - Time Sensitive Information | 12/9/2002 | COM/GEN004885 - 00918 | |
| 743 | Roman Brunner Response and  Objections to Second Set of Interrogatories | 10/18/2012 | | Objections Reserved |
| 744 | Mike J. Poisella Response and Objections to Second Set of Interrogatories | 10/18/2012 | | Objections Reserved |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 745 | Joseph J. Scozzafava Respone and Objections to Second Set of Interrogatories | 10/18/2012 | | Objections Reserved |
| 746 | Gregory A. Weiss Response and Objections to Second Set of Interrogatories | 10/18/2012 | | Objections Reserved |
| 747 | Gregory A. Weiss Answer to Comdisco's First Request for Admissions | 9/13/2006 | | Objections Reserved |
| 748 | Michael Poisella Answer to Comdisco's First Request for Admission | 9/13/2006 | | Objections Reserved |
| 749 | Michael Poisella Answer to Comdisco's Interrogatories | 9/13/2006 | | Objections Reserved |
| 750 | Gregory Weiss Answer to Comdisco's Interrogatories | 9/13/2006 | | Objections Reserved |
| 751 | Gregory A. Weiss Shared Investment Plan Option Exercise Form | | SIP0039359 | |
| 752 | Master Promissory Note for $552,000 signed by Gregory A. Weiss | 2/10/1998 | | Redundant |
| 753 | Gregory A. Weiss signed Letter of Direction to Participate in Shared Investment Plan | 2/2/1998 | | |
| 754 | Election to Include Value of Restricted Property in Year of Transfer form for Gregory A. Weiss | 2/25/1998 | SIP0187950 | |
| 755 | Stock Power form signed by Gregory A. Weiss | 2/3/1998 | SIP007868 | |
| 756 | Separation Agreement and General Release signed by Gregory A. Weiss | 4/30/2002 | COM/GEN003992 - 003996 | |
| 757 | Master Promissory Note for $828,000 signed by Michael J. Poisella | 2/10/1998 | | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 758 | Michael J. Poisella signed Letter of Direction to Participate in Shared Investment Plan | 2/2/1998 | | |
| 759 | Michael J. Poisella Shared Investment Plan Option Exercise Form | | COM/GEN003683 | |
| 760 | Election to Include Value of Restricted Property in Year of Transfer Form for Mike J. Poisella | 2/27/1998 | SIP0187924 | |
| 761 | Stock Power Form signed by Michael J. Poisella | | SIP0007841 | |
| 762 | Personal Financial Statement of Michael J. Poisella | 2/3/1998 | SIP2 000284 - 000289 | Redundant |
| 763 | Separation Agreement and General Release signed by Michael J. Poisella | 7/2/2002 | COM/GEN003983 - 003987 | |
| 764 | Joseph J. Scozzafava, Answers to Plaintiff's First Set of Interrogatories | 3/31/2006 | | Objections Reserved |
| 765 | Joseph J. Scozzafava Shared Investment Plan Option Exercise Form | | SIP0039335; COM/GEN003688 | |
| 766 | Master Promissory Note for $552,000 signed by Joseph J. Scozzafava | 2/10/1998 | | Redundant |
| 767 | Joseph J. Scozzafava signed Letter of Direction to Participate in Shared Investment Plan | 2/2/1998 | | |
| 768 | Declaration of Joseph J. Scozzafava | 6/12/2008 | | Redundant; Objections Reserved |
| 769 | Election to Include Value of Restricted Propert in Year of Transfer Form for Joseph J. Scozzafava | 2/16/1998 | | |
| 770 | Joseph Scozzafava, Answers to Comdisco's Interrogatories | 9/14/2006 | SOP2 001872 - 001901 | Objections Reserved |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 771 | Stock Power from signed by Joseph J. Scozzafava | | SIP0007856 | |
| 772 | Separation Agreement and General Release signed by Joseph Scozzafava | 2/19/2001 | COM/GEN003988 -003991 | |
| 773 | Joseph Scozzafava, Answers to Comdisco's First Request for Admission | 9/14/2006 | SIP2 001839 - 001871 | Objections Reserved |
| 774 | Michael J. Poisella, Responses and Objections to Plaintiff's Second Set of Interrogatories | 10/18/2012 | | Objections Reserved |
| 775 | Deposition testimony of Gregory Weiss | 1/18/2013 | | Objections Reserved |
| 776 | Deposition testimony of Michae J. Poisella | 1/22/2013 | | Objections Reserved |
| 777 | Depositon testimony of Joseph Scozzafava | 1/22/2013 | | Objections Reserved |
| 778 | Roman Brunner executed Option Exercise Form | | | |
| 779 | Roman Brunner Letter of Direction | 2/2/1998 | | |
| 780 | Roman Brunner Stock Power Form | | | |
| 781 | Roman Brunner Bank Application | | | |
| 782 | Comdisco Litigation Trust Agreement | 8/12/2002 | | Redundant |
| 783 | First Amendment to the Comdisco Litigation Trust Agreement | 8/12/2004 | | Redundant |
| 784 | Second Amendment to the Comdisco Litigation Trust Agreement | 12/7/2004 | | Redundant |
| 785 | Comdisco, Inc. 10-Q | 3/31/1998 | | |
| 786 | Comdisco, Inc. 10-Q | 12/31/1997 | | |
| 787 | Fax From Norman Blake to Carolyn Johnson, 6/21/01 | 6/21/2001 | JPM-HEW 00008-11 | |

| Exhibit No. | Name | Date | Bates Numbers | Objection (and Basis) |
|---|---|---|---|---|
| 788 | List of Accounts and June 13 Interest Payment | | SIP0031546-SIP0031547, SIP0049977 | Auth Hrsy; third page unrelated and redundant |
| 789 | Demonstrative or Summary Exhibit 1 | | | Objections Reserved |
| 790 | Demonstrative or Summary Exhibit 2 | | | Objections Reserved |
| 791 | Demonstrative or Summary Exhibit 3 | | | Objections Reserved |
| 792 | Demonstrative or Summary Exhibit 4 | | | Objections Reserved |
| 793 | Demonstrative or Summary Exhibit 5 | | | Objections Reserved |
| 794 | Demonstrative or Summary Exhibit 6 | | | Objections Reserved |
| 795 | Demonstrative or Summary Exhibit 7 | | | Objections Reserved |
| 796 | Demonstrative or Summary Exhibit 8 | | | Objections Reserved |

## SCHEDULE (B)(2)

### Defendants' Schedule of Exhibits

Defendants Mike J. Poisella, Roman Brunner, Joseph J. Scozzafava and Gregory A. Weiss may seek to offer into evidence the exhibits listed on the chart set forth in this schedule.

Defendants reserve the right to supplement this exhibit list and/or seek to introduce additional documents as evidence if and to the extent permitted by applicable laws, rules and/or Court orders.  In addition, Defendants reserve the right: (a) to request that the Court admit or permit presentation of summaries or demonstrative exhibits that do not currently appear on this schedule; (b) to use any document for purposes of impeachment or rebuttal; (c) to request that the Court take judicial notice of documents that do not appear on this schedule; (d) to supplement this list for good cause shown or with any document that was identified by Plaintiff and subsequently withdrawn; and (e) to seek to introduce additional exhibits based on developments before or during trial.

By including a particular document in this schedule, Defendants are not committing to offering that document into evidence, nor do they waive any objection to any request by Plaintiff to admit the document.  Rather, Defendants expressly reserve the right to assert any argument against the admissibility of any document or to request that any document be admitted only for a specified purpose.

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.001_0001 | 1. Baxter International Inc. Shared Investment Plan [SIP Group 1290-1295; Ex. 223] | | |
| DTX.002_0001 | 2. Handwritten notes of Scott Harvey [SIP Group 1253-1254; Ex. 224] | Hrsy | |
| DTX.003_0001 | 3. Shared Investment Plan Summary from S. Harvey to N. Pontikes (May 27, 1997) [SIP0040040-0040043; COM/HEW003085-003888; COM/GEN03459-03462] | | |
| DTX.004_0001 | 4. Internal correspondence dated June 6, 1997 to Nick Pontikes from Scott Harvey [SIP0039752; Ex. 231; Ex. 72] | | |
| DTX.005_0001 | 5. Letter date June 10, 1997 to Lola Hale from Scott Harvey [SIP0049730; Ex. 232; Ex. 69] | | |
| DTX.006_0001 | 6. Internal correspondence dated June 10, 1997 to Nick Pontikes and others from Scott Harvey [SIP0039713-0039714; Ex. 233] | | |
| DTX.007_0001 | 7. Letter dated June 12,1997 to Phil Hewes from Lola Hale [SIP2 002501-002503; Ex. 235] | | |
| DTX.008_0001 | 8. Facsimile dated June 17, 1997 to Ed Pacewicz from Dan Clarke, Jr. | | |
| DTX.009_0001 | 9. Bank One Commitment Letter and Term Sheet (Jun. 19, 1997) [SIP0039723-0039731] | | |
| DTX.010_0001 | 10. Bulldog Team Member List [SIP0040010] | | |
| DTX.011_0001 | 11. Undated Confidential and Privileged Checklist [SIPGroup 5507-5516; Ex. 238] | | |
| DTX.012_0001 | 12. Undated notes of John Vosicky re list of financial people selected as prospective SIP participants | 401 403 | |
| DTX.013_0001 | 13. Memorandum dated June 20, 1997 to Lola Hale of McBride, Baker & Coles from Corlene Cathcart of McBride, Baker & Coles re: Comdisco 1997 Incentive Stock Option Program – Regulation U | | |
| DTX.014_0001 | 14. Memorandum dated June 20, 1997 to Lola Hale from Corlene Cathcart re: Comdisco 1997 Incentive Stock Option Program – Listing Requirements [SIPGroup 876] | | |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.015_0001 | 15.    Internal correspondence dated June 20, 1997 to Nick Pontikes and others from Scott Harvey [SIPGroup 1026-1028; Ex. 122; Ex. 57] | | |
| DTX.016_0001 | 16.    Letter dated June 20, 1997 to Phil Hewes and Scott Harvey from Lola Hale [SIPGroup 882-883; Ex. 236] | | |
| DTX.017_0001 | 17.    Facsimile dated June 20, 1997 to Scott Harvey from Lola Hale [SIPGroup 5496-5499; Ex. 237] | | |
| DTX.018_0001 | 18.    Overview of SIP and Adoption Process | | |
| DTX.019_0001 | 19.    Internal correspondence dated June 23, 1997 to Nick Pontikes and others from Scott Harvey [SIP0039974-0039976; Ex. 239; Ex. 73] | | |
| DTX.020_0001 | 20.    Internal correspondence dated June 24, 1997 to Jack Slevin and others from Scott Harvey [SIP0040023-0040030; Ex. 240; Ex. 74] | | |
| DTX.021_0001 | 21.    Comdisco Shared Investment Plan Timeline [SIP0049838-0049840; Ex. 234; Ex. 68] | | |
| DTX.022_0001 | 22.    Minutes of Special Telephonic Meeting of the Board of Directors of Comdisco, Inc. (June 27, 1997) [SIP0024512; Ex. 241; Ex. 109] | | |
| DTX.023_0001 | 23.    Memorandum dated June 27, 1997 to Scott Harvey and others from Brian Hart [JPM-VAL 00701; Ex. 58] | | |
| DTX.024_0001 | 24.    Internal correspondence dated July 1, 1997 to Private Distribution from Nick Pontikes [SIP Group 994-996] | | |
| DTX.025_0001 | 25.    Memorandum dated July 3, 1997 to Lola Hale from Corlene Cathcart re: Regulations D, G, T, U, X and Z [Jenner 00033-00035; Rhoades Ex 265] | | |
| DTX.026_0001 | 26.    Regulation U Part 221 (with Cathcart notations) [Jenner 00068-00074; Rhoades Ex 271] | | |
| DTX.027_0001 | 27.    Letter dated July 7, 1997 to "Brent McCully" of the Federal Reserve Bank of Chicago from Corlene Cathcart [ SIPGroup 5308-5309; Rhoades 0006-0007] | | |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.028_0001 | 28.    Letter dated July 8, 1997 to Scott Harvey from Karl Ahlm of Winston & Strawn [JPM-VAL 00698; Ex. 242] | | |
| DTX.029_0001 | 29.    Letter dated July 9, 1997 to John Vosicky from Scott Harvey [SIPGroup 5465-5466] | | |
| DTX.030_0001 | 30.    Winston & Strawn Memorandum dated July 10, 1997 from Brian Hart re: Project Bulldog [JPM-VAL 00505-00506, 00688-00692] | | |
| DTX.031_0001 | 31.    Memorandum dated July 16, 1997 to Lola Hale from Corlene Cathcart re: Regulations D, G, T, U, X and Z [Jenner 00038-00040; Rhoades Ex 272] | | |
| DTX.032_0001 | 32.    Letter dated July 17, 1997 to Gregory Murray of Winston & Strawn from Jerald Holisky of McBride, Baker & Coles [JPM-VAL 00747-00761; Ex 251] | | |
| DTX.033_0001 | 33.    Legal Opinion to First Chicago Regarding SIP Loan Transactions Diligence Checklist (draft 7-21-97) [Jenner 00041-00042; Rhoades Ex 266] | | |
| DTX.034_0001 | 34.    Legal Opinion to First Chicago Regarding SIP Loan Transactions Diligence Checklist (draft 7-22-97) [Jenner 00043-00044; Rhoades Ex 267] | | |
| DTX.035_0001 | 35.    Facsimile dated July 23, 1997 to Phil Hewes from Lola Hale | | |
| DTX.036_0001 | 36.    Internal correspondence dated July 14, 1997 to Comdisco Board of Directors from John Vosicky | | |
| DTX.037_0001 | 37.    Memo to file dated July 29, 1997 from Scott Harvey | | |
| DTX.038_0001 | 38.    Letter dated December 23, 1997 to Ed Pacewicz from Gregory Murray [SIP0049694; Ex. 60] | | |
| DTX.039_0001 | 39.    Internal correspondence dated December 31, 1997 to Comdisco Board of Directors from John Vosicky | | |
| DTX.040_0001 | 40.    Memorandum dated January 12, 1998 to Lola Hale from Corlene Cathcart re: Comdisco 1997 Incentive Stock Option Program – Regulation U [Jenner 00225-00226; Rhoades Ex 273] | | |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.041_0001 | 41.    Facsimile dated January 13, 1998 to Scott Harvey from Lola Hale | | |
| DTX.042_0001 | 42.    Letter dated January 16, 1998 to William Lloyd of the Federal Reserve Bank of Chicago from Lola Hale of McBride, Baker & Coles | | |
| DTX.043_0001 | 43.    Syndications and Placements Underwriting Memo dated January 21, 1998 [JPM-VAL 01697-1698] | Auth Hrsy | |
| DTX.044_0001 | 44.    Credit Approval Summary dated January 22, 1998 [JPM-VOS-00004-00016; Hennelly Ex. 3] | | |
| DTX.045_0001 | 45.    Letter dated January 23, 1998 to Nick Pontikes and others from Lola Hale [JPM-VAL 00273-00274; Ex. 245] | | |
| DTX.046_0001 | 46.    Internal correspondence dated January 28, 1998 to Phone Conferees from Jack Slevin and Nick Pontikes | | |
| DTX.047_0001 | 47.    Letter dated January 29, 1998 to Lola Hale of McBride, Baker & Coles from James McCauley, of the Federal Reserve Bank of Chicago | | |
| DTX.048_0001 | 48.    Bank One Commitment Letter (Jan. 30, 1998) [JPM-VAL 00011-00017] | | |
| DTX.049_0001 | 49.    January 30, 1998 Scott Harvey file memo [SIP0039780; Ex. 130] | | |
| DTX.050_0001 | 50.    Comdisco Shared Investment Plan Binder dated January 30, 1998 [SA:192-204; SIPGroup 00003-00012] | | |
| DTX.051_0001 | 51.    Letter from Jack Slevin and Nick Pontikes dated January 30, 1998 [SA:205-206; SIPGroup 00013-00014] | | |
| DTX.052_0001 | 52.    Summary of Shared Investment Plan Provisions [SA:207-220; SIPGroup 00015-00028] | | |
| DTX.053_0001 | 53.    Risk Sensitive Analysis [SA:221-222; SIPGroup 00029-00030] | | |
| DTX.054_0001 | 54.    Questions and Answers [SA:223-231; SIPGroup 00031-00039] | | |
| DTX.055_0001 | 55.    Comdisco, Inc. 1998 Stock Option Program [SA:232-239; SIPGroup 00040-00047] | | |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.056_0001 | 56.    Comdisco, Inc. Shared Investment Plan [SA:240-245; SIPGroup 00048-00053] | | |
| DTX.057_0001 | 57.    Shared Investment Plan Exercise Form [SA:246; SIPGroup 00054] | | |
| DTX.058_0001 | 58.    Notice and IRC Section 83(b) Election Form [SA:247-249; SIPGroup 00055-00057] | | |
| DTX.059_0001 | 59.    Participant Checklist [SA:250; SIPGroup 00058] | | |
| DTX.060_0001 | 60.    Shared Investment Plan PowerPoint Slides [SA:251-262; SIPGroup 00059-00070] | | |
| DTX.061_0001 | 61.    Facility and Guaranty Agreement [SA:263-306; SIPGroup 00071-00114] | | |
| DTX.062_0001 | 62.    Form of Master Promissory Note [SA:307-318; SIPGroup 00115-00126] | | |
| DTX.063_0001 | 63.    Letter of Direction [SA:319; SIPGroup 00127] | | |
| DTX.064_0001 | 64.    Form of Blank Stock Power [SIPGroup 1249] | | |
| DTX.065_0001 | 65.    Transcript of January 30, 1998 SIP Presentation [SA:320-382] | | |
| DTX.066_0001 | 66.    Audio tape of January 30, 1998 SIP Presentation | | |
| DTX.067_0001 | 67.    Transcript of January 31, 1998 Question and Answer Session [SA:383-411] | | |
| DTX.068_0001 | 68.    Audio tape of January 31, 1998 Question and Answer Session | | |
| DTX.069_0001 | 69.    Memorandum to Comdisco Employees from J. Slevin and N. Pontikes re: New Shared Investment Plan (Feb. 2, 1998) | | |
| DTX.070_0001 | 70.    Comdisco, Inc.'s Press Release Announcing the SIP dated February 2, 1998 [SA:412-413; COM/GEN03228-03229] | Hrsy | |
| DTX.071_0001 | 71.    Email dated February 2, 1998 to Thomas McDowell from Barry Sabloff re: Project Bulldog [JPM-VAL 00859] | Hrsy | |
| DTX.072_0001 | 72.    Comdisco SIP Interest Rate Swap [JPM-VOS 00017] | Hrsy | |
| DTX.073_0001 | 73.    Federal Reserve Form G-3 | | |
| DTX.074_0001 | 74.    Federal Reserve Form U-1 | | |
| DTX.075_0001 | 75.    Facility and Guaranty Agreement (Feb. 2, 1998) | | |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.076_0001 | 76. State Defendants' Financial Statements (filed under seal) | 401 403 | |
| DTX.077_0001 | 77. Federal Defendants' Financial Statements (filed under seal) | 401 403 | |
| DTX.078_0001 | 78. Chart Summarizing State SIP Member Account Application Financial Information | 401 403 | |
| DTX.079_0001 | 79. Chart Summarizing Federal SIP Member Account Application Financial Information | 401 403 | |
| DTX.080_0001 | 80. Letter dated February 2, 1998 to Comdisco SIP Participants from Brian Hart and Matthew O'Meara [JPM-VAL 00950-00951] | | |
| DTX.081_0001 | 81. Facsimile dated February 6, 1998 to Brian Hart from Lola Hale [JPM-VAL 00396-00417] | | |
| DTX.082_0001 | 82. Amended Confirmation dated February 9, 1998 to FNBC Finance & Leasing Group, Attn: Dan Clarke from The First National Bank of Chicago [JPM-VAL 01674-01684] | Hrsy | |
| DTX.083_0001 | 83. Facsimile dated February 9, 1998 to Lola Hale from Scott Harvey [Jenner 00191-00195] | | |
| DTX.084_0001 | 84. Letter to First National Bank of Chicago from Lola Hale of McBride, Baker & Coles (Feb. 10, 1998) [JPM-VAL 00282-00289] | | |
| DTX.085_0001 | 85. Closing Memorandum relating to the Facility and Guaranty Agreement (Feb. 10, 1998) [JPM-VAL 00278-00281] | | |
| DTX.086_0001 | 86. File Memorandum from Scott Harvey re: Credit Review Process (Feb. 12, 1998) [SIP0039781; Ex. 11] | | |
| DTX.087_0001 | 87. Three pages re interest rate for ESP and Funding Indemnity under Facility and Guaranty Agreement [JPM-VAL 00849-00851] | | |
| DTX.088_0001 | 88. Credit Approval Summary dated February 20, 1998 [JPM-VAL 01656-01673; Hennelly Ex. 4] | | |
| DTX.089_0001 | 89. March 4, 1998 memo to Ed Pacewicz, Dan Clarke and others from Peter Bartol of First Chicago Capital Markets, Inc. [JPM-VAL 00465-00466; Ex. 70] | | |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.090_0001 | 90. Investors Business Daily article (Mar. 12, 1998) | 401 403 Hrsy | |
| DTX.091_0001 | 91. Week of March 27, 1998 The Exchange, News for FCNBD Corporate Banking Professionals, "FCNBD Structures Comdisco SIP" [JPM-VAL 00836-00837] | 401 403 Hrsy | |
| DTX.092_0001 | 92. Winston & Strawn LLP website biography for Gregory S. Murray [Murray Ex. 1] | | |
| DTX.093_0001 | 93. Winston & Strawn LLP website matters list for Gregory S. Murray [Murray Ex. 2] | | |
| DTX.094_0001 | 94. JP Morgan Bank Examiner's Privilege Log regarding June 28, 1998 and June 29,1998 letters to Federal Reserve Board representatives from Gregory S. Murray [Murray Ex. 6] | 401 403 | |
| DTX.095_0001 | 95. Executive Stock Purchase Financing Term Sheet for Developers Diversified Realty Corporation dated July 31, 1998 [Costello/JPMorgan Subpoena 000244-000259; Murray Ex. 4] | 401 403 407 | MIL 6 |
| DTX.096_0001 | 96. Facility and Guaranty Agreement among Developers Diversified Realty Corporation, the Financial Institutions Signatory Hereto and First National Bank of Chicago dated as of November 16, 1998 [Costello/JPMorgan Subpoena 000001-000128] | 401 403 407 | MIL 6 |
| DTX.097_0001 | 97. Promissory Note for Developers Diversified Realty Corporation dated November 16, 1998 | 401 403 407 | MIL 6 |
| DTX.098_0001 | 98. Reimbursement Agreement dated November X, 1998 between X and Developers Diversified Realty Corporation [WS004541-00004551] | 401 403 407 | MIL 6 |
| DTX.099_0001 | 99. Distribution List re: Developers Diversified Realty Corporation [Costello/JPMorgan Subpoena 000134-000135] | 401 403 407 | MIL 6 |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.100_0001 | 100.   SIP Obligation Release of David Nolan – November 1998 [SIP0116158, 0116164-0116168] | 401 403 Hrsy | |
| DTX.101_0001 | 101.   Executive Stock Purchase Financing Commitment Letter for Sun Communities, Inc. dated September 22, 1998 [Costello/JPMorgan Subpoena 000265-000275] | 401 403 407 | MIL 6 |
| DTX.102_0001 | 102.   Facility and Guaranty Agreement among Sun Communities, Inc., First National Bank of Chicago and the Financial Institutions Signatory Hereto dated as of December 10, 1998 [Costello/JPMorgan Subpoena 000756-000912] | 401 403 407 | MIL 6 |
| DTX.103_0001 | 103.   Sun Communities Master Promissory Note dated December 15, 1998 [WS004251-004262] | 401 403 407 | MIL 6 |
| DTX.104_0001 | 104.   Reimbursement Agreement dated December X, 1998 between X and Sun Communities [WS004265-004269] | 401 403 407 | MIL 6 |
| DTX.105_0001 | 105.   Letter dated December 15, 1998 to First National Bank of Chicago from David Raitt of Jaffe, Raitt, Heuer & Weiss [WS004270-004281] | 401 403 407 | MIL 6 |
| DTX.106_0001 | 106.   Closing Index re: Sun Communities, Inc. [Costello/JPMorgan Subpoena 000925-000926] | 401 403 407 | MIL 6 |
| DTX.107_0001 | 107.   Working Group List of Sun Communities [Costello/JPMorgan Subpoena 000923-000924; Murray Ex. 13] | 401 403 407 | MIL 6 |
| DTX.108_0001 | 108.   Amerus Life Holding, Inc. Executive Stock Purchase Plan [WS004035-004052] | 401 403 407 | MIL 6 |
| DTX.109_0001 | 109.   Facility and Guaranty Agreement among AmerUs Life Holdings, Inc., the Financial Institutions Signatory Hereto and the First National Bank of Chicago dated as of February 12, 1999 [WS003950-004022] | 401 403 407 | MIL 6 |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.110_0001 | 110.  Closing Index re: Amerus Life Holding, Inc. [Costello/JPMorgan Subpoena 000420-000421] | 401 403 407 | MIL 6 |
| DTX.111_0001 | 111.  Deal Team List re: Amerus Life Holding, Inc. [Costello/JPMorgan Subpoena 000419] | 401 403 407 | MIL 6 |
| DTX.112_0001 | 112.  Facsimile dated February 2, 1999 to James Williams from Jim L. Blanco of Winston & Strawn re draft Reimbursement Agreement between X and Jostens, Inc. [Jostens 143-153; Murray Ex. 10] | 401 403 407 | MIL 6 |
| DTX.113_0001 | 113.  Letter dated February 4, 1999 to James Williams of Jostens from Gregory Murray of Winston & Strawn [Jostens 154-155; Murray Ex. 7] | 401 403 407 | MIL 6 |
| DTX.114_0001 | 114.  Letter dated February 9, 1999 to James Williams from Gregory Murray and Michael Mullins of Winston & Strawn [Jostens 075-076] | 401 403 407 | MIL 6 |
| DTX.115_0001 | 115.  Prospectus of Jostens, Inc. dated February 15, 1999 [Jostens 008-028] | 401 403 407 | MIL 6 |
| DTX.116_0001 | 116.  Intentionally deleted without renumbering | | |
| DTX.117_0001 | 117.  Facility and Guaranty Agreement among Jostens, Inc. and First National Bank of Chicago dated as of February 26, 1999 [Costello/JPMorgan Subpoena 000422-000478] | 401 403 407 | MIL 6 |
| DTX.118_0001 | 118.  Closing Documents re: Jostens, Inc. [Costello/JPMorgan Subpoena 000479-000480] | 401 403 407 | MIL 6 |
| DTX.119_0001 | 119.  Working Group List of Jostens, Inc. [Costello/JPMorgan Subpoena 000481-000483] | 401 403 407 | MIL 6 |
| DTX.120_0001 | 120.  Letter dated March 1, 1999 to First National Bank of Chicago from William J. George of Jostens, Inc. [WS004146-004148] | 401 403 407 | MIL 6 |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.121_0001 | 121.   Letter dated March 1, 1999 to First National Bank of Chicago from Oppenheimer Wolff & Donnelly LLP | 401 403 407 | MIL 6 |
| DTX.122_0001 | 122.   Project Horizon materials (February, 1999) [SIP0040118-0040140] | 401 403 407 Auth Hrsy | MIL 6 |
| DTX.123_0001 | 123.   Letter dated March 3, 1999 to Richard Wohlmacher of the New York Stock Exchange from Lynne C. Kaye of First Chicago Capital Markets, Inc. [WS003398-003430; Murray Ex. 3] | 401 403 407 | MIL 6 |
| DTX.124_0001 | 124.   Memorandum dated March 5, 1999 to Pat Hennelly and others from Christine Mondero [JPM-VAL 01648] | 401 403 407 | MIL 6 |
| DTX.125_0001 | 125.   Three pages of notes/history [JPM-VAL 01745-01747] | 401 403 407 | MIL 6 |
| DTX.126_0001 | 126.   SIP Obligation Release of Richard Frank – April 1999 [SIP0116018-0116023] | 401 403 | |
| DTX.127_0001 | 127.   1999 Shared Investment Plan of Baxter International, Inc. [BAX0011-0014] | 401 403 407 | MIL 6 |
| DTX.128_0001 | 128.   Baxter International, Inc. Stock Option Plan adopted May 3, 1999 Terms and Conditions [SIPGroup 5120] | 401 403 407 | MIL 6 |
| DTX.129_0001 | 129.   1999 Shared Investment Plan of Baxter International, Inc. with Master Promissory Note, Reimbursement Agreement & Letter of Direction [SIP Group 5022-5052] | 401 403 407 | MIL 6 |
| DTX.130_0001 | 130.   Facility and Guaranty Agreement among Baxter International Inc., First National Bank of Chicago and the Financial Institutions Named Therein dated as of May 3, 1999 [Costello/JPMorgan Subpoena 000143-000220] | 401 403 407 | MIL 6 |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.131_0001 | 131.   Baxter Master Promissory Note dated May X, 1999 [WS003831-003845] | 401 403 407 | MIL 6 |
| DTX.132_0001 | 132.   Reimbursement Agreement dated May 3, 1999 between X and Baxter International, Inc. [WS003927-003935] | 401 403 407 | MIL 6 |
| DTX.133_0001 | 133.   Reimbursement Agreement Key Terms for Baxter International, Inc. [BAX0070] | 401 403 407 | MIL 6 |
| DTX.134_0001 | 134.   Letter dated May 6, 1999 to Lenders from Sidley & Austin [WS003848-003882] | 401 403 407 | MIL 6 |
| DTX.135_0001 | 135.   Letter dated May 6, 1999 to Lenders from Thomas J. Sabatino, Jr. of Baxter International, Inc. [WS003883-003886] | 401 403 407 | MIL 6 |
| DTX.136_0001 | 136.   Letter dated May 13, 1999 to Michael Mullins of Winston & Strawn from Thomas Brown of Sidley & Austin [WS003447-003457; Murray Ex. 8] | 401 403 407 | MIL 6 |
| DTX.137_0001 | 137.   Questions and Answers re: Baxter International, Inc. [Costello/JPMorgan Subpoena 000327-000332] | 401 403 407 | MIL 6 |
| DTX.138_0001 | 138.   List of Loan Documents re: Baxter International, Inc. [Costello/JPMorgan Subpoena 000241] | 401 403 407 | MIL 6 |
| DTX.139_0001 | 139.   Working Group List of Baxter International, Inc. [Costello/JPMorgan Subpoena 000242-000243] | 401 403 407 | MIL 6 |
| DTX.140_0001 | 140.   Executive Stock Purchase Financing Commitment Letter for Dominion Resources, Inc. dated November 30, 1999 [Costello/JPMorgan Subpoena 000739-000748] | 401 403 407 | MIL 6 |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.141_0001 | 141.  Facility and Guaranty Agreement among Dominion Resources, Inc., Bank One, NA and the Financial Institutions Signatory Hereto dated as of October 2, 2000 [Costello/JPMorgan Subpoena 000633-000697; Murray Ex. 9] | 401 403 407 | MIL 6 |
| DTX.142_0001 | 142.  Questions and Answers re: Dominion Resources, Inc. [Costello/JPMorgan Subpoena 000749-000751] | 401 403 407 | MIL 6 |
| DTX.143_0001 | 143.  Letter dated February 3, 2000 to Bank One, NA from McGuire Woods Battle & Boothe LLP [WS003392-003397] | 401 403 407 | MIL 6 |
| DTX.144_0001 | 144.  Internal correspondence dated May 2, 2000 to Scott Harvey and others from Frank Ziegler | Incomplete Hrsy | |
| DTX.145_0001 | 145.  Email dated June 7, 2000 to Scott Harvey and others from Phil Hewes | 401 403 | |
| DTX.146_0001 | 146.  Masco Corporation Executive Stock Purchase Plan [Costello/JPMorgan Subpoena 000484-000525] | 401 403 407 | MIL 6 |
| DTX.147_0001 | 147.  Facility and Guaranty Agreement among Masco Corporation, Bank One, NA and the Financial Institutions Signatory Hereto dated as of July 10, 2000 [Costello/JPMorgan Subpoena 000526-000582] | 401 403 407 | MIL 6 |
| DTX.148_0001 | 148.  Email dated August 15, 2000 to Scott Harvey from Phil Hewes [SIPGroup 5350] | 401 403 Hrsy | |
| DTX.149_0001 | 149.  August 2000 emails re: Frederic Louisy [SIPGroup 581-584] | 401 403 Hrsy | |
| DTX.150_0001 | 150.  Email dated August 29, 2000 to various recipients from Phil Hewes [SIPGRoup 5290-5296] | 401 403 | |
| DTX.151A_0001 | 151.  Internal correspondence dated January 3, 2001 to SIP Participants from Phil Hewes [SIP Group 503-505, 531-533] | 401 403 | |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.151_0001 | 151A. Letter dated February 21, 2001 to Scott Harvey from Donald Nemerov [SIPGroup 465-466] | 401 403 | |
| DTX.152_0001 | 152. Internal correspondence dated March 12, 2001 to Scott Harvey and others from Frank Ziegler | Incomplete | |
| DTX.153_0001 | 153. Emails February-April 2001 relating to Christian Guilbot | Auth Hrsy | |
| DTX.154_0001 | 154. Internal correspondence dated April 5, 2001 to Norm Blake from Scott Harvey [SIPGroup 5330-5336] | 401 403 | |
| DTX.155_0001 | 155. Internal correspondence dated May 18, 2001 to Roger Innes from Madonna Houser | | |
| DTX.156_0001 | 156. Email dated May 21, 2001 to Jerry Fitzgerald from Roger Innes | Auth Hrsy | |
| DTX.157_0001 | 157. Acceleration Letter (July 16, 2001) | 401 403 | |
| DTX.158_0001 | 158. Emails May to August 2001 relating to Louisy [SIPGroup 503-505, 531-533] | Auth Hrsy | |
| DTX.159_0001 | 159. Email dated August 31, 2001 to Kathryn Chapman from Robert Lackey [SIPGroup 5301-5302; SIP0029733-0029734] | Auth Hrsy | |
| DTX.160_0001 | 160. Comdisco, Inc. Annual Form 10-K for fiscal year ending September 30, 2001 | 401 403 | MIL 3 |
| DTX.161_0001 | 161. Master Proof of Claim of Bank One, NA (Nov. 29, 2001) | | |
| DTX.162_0001 | 162. Comdisco Unadjusted Monthly Stock Prices 01/01/98 to 01/31/02 | | |
| DTX.163_0001 | 163. May 7, 2002 memorandum by William Raleigh (as referenced in letter dated February 7, 2013 to William Raleigh from Allen Woolley) [SIPGroup 5615-5630] (for purposes of making an offer of proof, preserving the record, or as may otherwise be permitted by the Court) | Already Excluded based on Priviledge | |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.164_0001 | 164. June 4, 2002 memorandum by William Raleigh (as referenced in letter dated February 7, 2013 to William Raleigh from Allen Woolley) [SIPGroup 5566-5614] (for purposes of making an offer of proof, preserving the record, or as may otherwise be permitted by the Court) | Already Excluded based on Priviledge | |
| DTX.165_0001 | 165. Comdisco First Amended Joint Plan of Reorganization (June 13, 2002) | | |
| DTX.166_0001 | 166. United States Securities and Exchange Commission Form 10-Q for Comdisco, Inc. for quarterly period ended June 30, 2002 | 401 403 | MIL 3 |
| DTX.167_0001 | 167. Email dated July 24, 2002 to Jonathan Young from Ronald Hanson [C000437-000458] | 401 403 | MIL 1 |
| DTX.168_0001 | 168. Comdisco's Objection to Claim of Bank One (July 29, 2002) | 401 403 | MIL 3 |
| DTX.169_0001 | 169. Plan Confirmation Order (July 31, 2002) (Barliant, Bankr. J.) | | |
| DTX.170_0001 | 170. Comdisco Litigation Trust Agreement Revised (Aug. 12, 2002) First Amended (Aug. 12, 2004) Second Amended (Dec. 7, 2004) | | |
| DTX.171_0001 | 171. Comdisco, Inc. Annual Form 10-K for fiscal year ending September 30, 2002 | 401 403 | MIL 3 |
| DTX.172_0001 | 172. Objection of Certain SIP Participants to Comdisco Holding Company, Inc.'s Notice Regarding Modification of SIP Relief (Nov. 2002) | | |
| DTX.173_0001 | 173. Letter dated January 14, 2003 to Jonathan Young from Elena Gallo [NE 006; Costello Ex. 6] | 401 403 | |
| DTX.174_0001 | 174. Comdisco's Amended Specific Objections. To Claim of Bank One (Jan. 23, 2003) | 401 403 | MIL 3 |
| DTX.175_0001 | 175. Letter dated January 24, 2003 to Jonathan Young from William J. Raleigh [NE 060-061] | 401 403 | |
| DTX.176_0001 | 176. Stipulation and Agreed Order (Feb. 13, 2003) (Black, Bankr. J.) | | |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.177_0001 | 177.   SIP Participants' Petition for Declaratory Relief (Feb. 14, 2003) | | |
| DTX.178_0001 | 178.   Joint Memorandum in Support of Comdisco's Amended Specific Objections (Feb. 25, 2003) | 401 403 | MIL 3 |
| DTX.179_0001 | 179.   Joint Reply in Support of Comdisco's Amended Specific Objections (Apr. 10, 2003) | 401 403 | MIL 3 |
| DTX.180_0001 | 180.   Email dated April 17, 2003 to Matthew Murphy from Jonathan Young [C000810-000811] | 401 403 | MIL 1 |
| DTX.181_0001 | 181.   Transcript of hearing on Bank One's Motion to Strike Comdisco's Specific Objections and to Dismiss the SIP Participants' Petition for Declaratory Relief (April 24, 2003) [00607-00657] | 401 403 | MIL 3 |
| DTX.182_0001 | 182.   Email dated July 31, 2003 to Jonathan Young from Nazneen Razi [C000820-000823] | 401 403 | |
| DTX.183_0001 | 183.   Order Allowing Bank One's Master Proof of Claim (Nov. 20, 2003) (Black, Bankr. J.) | | |
| DTX.184_0001 | 184.   Brief of Reorganized Debtor – Appellant filed January 9, 2004 in the United States District Court for the Northern District of Illinois on Appeal from Bankruptcy Court Orders Denying Reorganized Debtor's Amended Specific Objections to Bank One's Claim | 401 403 | MIL 3 |
| DTX.185_0001 | 185.   United States Securities and Exchange Commission Form 10-Q for Comdisco, Inc. for quarterly period ended June 30, 2004 | 401 403 Incomplete | MIL 3 |
| DTX.186_0001 | 186.   October 7, 2004 email to Jonathan Young and others from William Raleigh [C000978-001004] | 401 403 | |
| DTX.187_0001 | 187.   Letter dated October 8, 2004 to Jonathan Young from William Raleigh [NE 011; Costello Ex. 9] | 401 403 | |
| DTX.188_0001 | 188.   John Blair, et al., v. Bank One, N.A. Appellant Brief and Short Appendix prepared on behalf of Comdisco, Inc. (October 2004 draft) [NE 012-059; Costello Ex. 10] | 401 403 | MIL 3 |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.189_0001 | 189.   Email dated October 19, 2004 to William Raleigh from Jonathan Young [C000240] | 401 403 | MIL 1 |
| DTX.190_0001 | 190.   October 20, 2004 email to Jonathan Young from Becky Yarnell (on behalf of William Raleigh) [C000241] | 401 403 | |
| DTX.191_0001 | 191.   Email Exchange between William Raleigh and Jonathan Young (Oct. 28, 2004) [C000242-000243] | 401 403 | MIL 1 |
| DTX.192_0001 | 192.   Email dated November 2, 2004 to William Raleigh and Robert Lackey from Jonathan Young [C000244] | 401 403 | |
| DTX.193_0001 | 193.   Letter dated November 3, 2004 to Jonathan Young from William Raleigh [NE 002-003] | 401 403 | |
| DTX.194_0001 | 194.   Settlement Agreement (Nov. 5, 2004) | | |
| DTX.195_0001 | 195.   Comdisco's Motion in Furtherance of the Plan for Approval of Settlement Agreement with Bank One (Nov. 5, 2004) | | |
| DTX.196_0001 | 196.   Email dated November 15, 2004 to Jonathan Young and Gregory Murray from Matthew Murray [C000964-000977] | 401 403 | |
| DTX.197_0001 | 197.   Email dated December 2, 2004 to Gregory Murray from William Raleigh [C000385-000386] | 401 403 | |
| DTX.198_0001 | 198.   Email dated December 3, 2004 to Jonathan Young from Steve D'Amore [C000391-000392] | 401 403 | MIL 1 |
| DTX.199_0001 | 199.   Email dated December 9, 2004 to various recipients from Jonathan Young [EWP 00733-00734] | 401 403 | MIL 1 |
| DTX.200_0001 | 200.   Email dated December 9, 2004 to Jonathan Young and others from Gregory Murray [EWP 00729-00730] | 401 403 | |
| DTX.201_0001 | 201.   Email dated December 9, 2004 to various recipients from Gregory Murray  Intentionally deleted without renumbering | | |
| DTX.202_0001 | 202.   Transcript of Settlement Hearing (Dec. 9, 2004) (Black, Bankr. J.) | | |
| DTX.203_0001 | 203.   Proffer by Comdisco of Testimony of Robert Lackey (Dec. 9, 2004) | 401 403 Hrsy | |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.204_0001 | 204. Proffer by Comdisco of Lloyd Cochran (Dec. 9, 2004) | 401 403 Hrsy | |
| DTX.205_0001 | 205. Stipulation, Findings and Agreed Order (Dec. 9, 2004) | | |
| DTX.206_0001 | 206. Emails dated December 17, 2004 between Gregory Murray and William Raleigh [C000337-000359] | 401 403 | MIL 1 |
| DTX.207_0001 | 207. Email dated December 21, 2004 to Jonathan Young from Gregory Murray [EWP 00907] | 401 403 | |
| DTX.208_0001 | 208. Assignment Agreement between JP Morgan and Lenders and J. Costello (Dec. 22, 2004) [JPM-HEW 00213-00230] | | |
| DTX.209_0001 | 209. Incoming Money Transfer and Allocation Detail (Dec. 22, 2004) [JPM-HEW2-00001-00010] | | |
| DTX.210_0001 | 210. Email dated December 22, 2004 to Jonathan Young from Gregory Murray [EWP 00908-00909] | 401 403 | |
| DTX.211_0001 | 211. Separate email dated December 22, 2004 to Jonathan Young from Gregory Murray [EWP 01062-01063] | 401 403 | MIL 1 |
| DTX.212_0001 | 212. Email dated December 27, 2004 to Lawrence Desideri from Jonathan Young [C001038] | 401 403 | |
| DTX.213_0001 | 213. Email dated December 28, 2004 to Jonathan Young from Gregory Murray [EWP 01103-01104] | 401 403 | |
| DTX.214_0001 | 214. Email dated December 29, 2004 to Jonathan Young and others from Matthew Wawryzn [C001054-001063] | 401 403 | |
| DTX.215_0001 | 215. Emails dated December 30, 2004 between Jonathan Young and Gregory Murray [C001097-001098] | 401 403 | |
| DTX.216_0001 | 216. Separate email dated December 30, 2004 to Jonathan Young from Gregory Murray [C001099-001103] | 401 403 | |
| DTX.217_0001 | 217. Complaint of Comdisco, Inc. filed on December 30, 2004 against McBride, Baker & Coles and Lola Hale | 401 403 | MIL 3 |
| DTX.218_0001 | 218. Emails dated January 11, 2005 between William Raleigh and Jonathan Young [EWP 00930-00931] | 401 403 | |
| DTX.219_0001 | 219. Email dated January 18, 2005 to Jonathan Young from Gregory Murray [EWP 01113-01115] | 401 403 | |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.220_0001 | 220.   Email dated February 10, 2005 to Gregory Murray from Jonathan Young [EWP 01116] | 401 403 | |
| DTX.221_0001 | 221.   First Status Report of Litigation Trustee (January 31,  2005) | | |
| DTX.222_0001 | 222.   Email dated March 2, 2005 to Meghan Hubbard from Gregory Murray [EWP 01592-01593] | 401 403 | |
| DTX.223_0001 | 223.   Email dated February 28, 2007 to Catherine Mathews Graf from Gregory Murray [EWP 00956-00959] | 401 403 | |
| DTX.224_0001 | 224.   Transcript of Proceedings before the Honorable Bruce W. Black dated June 28, 2007 | 401 403 | |
| DTX.225_0001 | 225.   Email dated January 11, 2008 to Gregory Murray from Catherine Matthews Graf [EWP 00964] | 401 403 | |
| DTX.226_0001 | 226.   November 19, 2008 email to Catherine Matthews Graf from Gregory Murray [EWP 01624-01625] | 401 403 | |
| DTX.227_0001 | 227.   Email dated February 26, 2009 to Jonathan Young from Steve D'Amore [EWP 01024-01025] | 401 403 | |
| DTX.228_0001 | 228.   Email dated February 26, 2009 to Jonathan Young from Steve D'Amore [EWP 01581] | 401 403 | |
| DTX.229_0001 | 229.   Email dated February 26, 2009 to Jonathan Young from Gregory Murray  Intentionally deleted without renumbering | | |
| DTX.230_0001 | 230.   Email dated March 5, 2009 to Meghan Hubbard from Steve D'Amore [EWP 01032-01036] | 401 403 | |
| DTX.231_0001 | 231.   Thirtieth Status Report of Litigation Trustee  (May 4,  2012) | | |
| DTX.232_0001 | 232.   Thirty-Fifth Status Report of Litigation Trustee (July 31, 2013) | | |
| DTX.233_0001 | 233.   Email dated July 27, 2012 to Bradley Sabel from Ryan Reade re: Expert Witness [SABEL 000081-000082; Sabel Ex. 3] | 401 403 | |
| DTX.234_0001 | 234.   Shearman & Sterling LLP website biography for Bradley K. Sabel [Sabel Ex. 4] | | |

| Defendants' Exhibit Number | Exhibit Name | Objections | Objections Based on Motions in Limine |
|---|---|---|---|
| DTX.235_0001 | 235.   Letter dated February 20, 1996 to Bruce Czachor of Shearman & Sterling from Laura Homer of the Federal Reserve Board [Sabel Ex. 11] | 401 403 | |
| DTX.236_0001 | 236.   Intentionally deleted without renumbering | Compound 401 403 Auth Hrsy | |
| DTX.237_0001 | 237.   Any  document made available to or reviewed by Plaintiff's expert as identified in his report, supplemental report, at his deposition or at trial. | Objections Reserved | |
| DTX.238_0001 | 238.   Aronberg Goldgehn Davis & Garmisa website biography for Jerry Holisky [Ex. 249] | 401 403 Auth Hrsy | |
| DTX.239_0001 | 239.   Any exhibit attached to the Affidavit of John J. Vosicky executed on December 18, 2009 | 401 403 | MIL 1 |
| DTX.240_0001 | 240.   Any exhibit attached to the Affidavit of Raymond J. Siegel executed on October 1, 2009 | 401 403 Hrsy | MIL 1 |
| DTX.241_0001 | 241.   Emails between Terry Weisman and Scott Holz dated July 31, 2013 and  August 1, 2013 | 401 403 | |
| DTX.242_0001 | 242.   Federal Reserve Board Press Release dated December 23, 1997 with attached summary and full text of Final Rule. | | |
| DTX.243_0001 | 243.   June 29, 1998 letter to William Wiles from Gregory Murray | 401 403 407 | MIL 6 |
| DTX.244_0001 | 244.   June 29, 1998 letter to Scott Holtz from Gregory Murray | 401 403 407 | MIL 6 |

# SCHEDULE C(1)

## Plaintiff's Schedule of Potential Witnesses and Objections

Plaintiff may call the potential witnesses identified on the chart below. Plaintiff expects to call the first six witnesses listed (either live, through deposition testimony or through declaration if agreed) and reserves the right to call the remaining witnesses listed if needed. In addition to the witnesses listed on the chart below, Plaintiff reserve the right to call any witness (a) necessary to authenticate a document; (b) for purposes of rebuttal or impeachment; (c) for good cause shown; (d) identified on Defendants' witness list; (e) identified in the course of finalizing the Plaintiff's schedule of potential witnesses Proposed Exhibit List; or (f) to the extent permitted by applicable laws, rules and/or Court orders.

By including a particular witness on this witness list, Defendants do not admit that the witness can provide relevant or admissible testimony, nor do they waive any objection to any testimony that Plaintiff may seek to elicit from that witness. Rather, Defendants expressly reserve the right to argue against the admissibility of any testimony or to request that any testimony be admitted only for a limited purpose. By including a witness on his witness list, the Trustee is not undertaking to secure that witness's attendance at trial.

| Name | Address | Objections |
|------|---------|-----------|
| Bradley Sabel | Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, New York 10022 | MIL |
| Dan Clarke | c/o Neal Gerber Eisenberg<br>Two North LaSalle Street<br>Suite 1700<br>Chicago, IL 60602-3801 | |

| | | |
|---|---|---|
| Angela Wu* | Federal Reserve Bank of Chicago<br>230 South LaSalle Street<br>Chicago, Illinois 60604 | |
| Scott Harvey* | c/o Defendants' Counsel | MIL |
| Michael Salerno and/or Comdisco custodian | 5600 N. River Road, Suite 800<br>Rosemont, Illinois | |
| Sandra Nimtz or other JP Morgan witness** | c/o Neal Gerber Eisenberg<br>Two North LaSalle Street<br>Suite 1700<br>Chicago, IL 60602-3801 | |
| | | |
| Edward Pacewicz | c/o Defendants' Counsel | |
| | | |
| John W. Costello | c/o Plaintiff's Counsel | |
| James Brent McCauley | Barack Ferrazzano<br>Kirschbaum & Nagelberg LLP<br>200 West Madison Street<br>Suite 3900<br>Chicago, Illinois 60606 | |
| Greg Murray | Winston & Strawn LLP<br>35 West Wacker Drive<br>Suite 4200<br>Chicago, Illinois 60601 | |
| Phillip Martin | c/o Neal Gerber Eisenberg<br>Two North LaSalle Street<br>Suite 1700<br>Chicago, IL 60602-3801 | |
| Jerrold Holisky | Aronberg Goldgehn Davis & Garmisa<br>330 North Wabash Ave.<br>Suite 1700<br>Chicago, Illinois 60611 | |

| | | |
|---|---|---|
| Corlene Cathcart-Rhoads | 351 Belle Foret Dr. Lake Bluff, Illinois 60044 | |
| Document custodian from Jenner & Block | Jenner & Block 353 N. Clark Street Chicago, Illinois 60654 | |
| Other document custodians as needed | To be determined | |
| One or more Defendants as needed | c/o Defendants' Counsel | |
| Any witness identified on Defendants' witness list | c/o Defendants' Counsel | |

\* By deposition designation, if agreed or permitted.

\*\* By declaration, if agreed or permitted.

**Defendant's Schedule of Potential Witnesses and Objections**

Defendants Mike J. Poisella, Roman Brunner, Joseph J. Scozzafava and Gregory A. Weiss identify the potential witnesses set forth alphabetically below.  Defendants reserve the right to call any other witness: (a) necessary to authenticate a document, (b) for purposes of rebuttal or impeachment, (c) for good cause shown, (d) whom Plaintiff identifies on his witness list, (e) identified in the course of preparing for the August 29, 2013 preliminary pre-trial conference, (f) based on developments before or during trial, and (g) if and to the extent permitted by applicable laws, rules and/or Court orders.

By including a particular witness on this schedule of potential witnesses, Defendants are not undertaking to secure that witness' attendance at trial and are not admitting that the witness would provide relevant or admissible testimony.  Further, Defendants do not waive any objection to any testimony that Plaintiff may seek to elicit from that witness.  Rather, Defendants expressly reserve the right to argue against the admissibility of any testimony or to request that any testimony be admitted only for a limited purpose.

**Defendants' Potential Witnesses**

| Name | Address | Objections |
|------|---------|------------|
| Corlene Cathcart Rhoades | 351 Belle Fort Dr.<br>Lake Bluff, Illinois 60044 | |
| Catherine Chapman | c/o Fitzgerald & Hewes LLP<br>550 W Van Buren St<br>Suite 1450<br>Chicago, IL 60607-3861 | MIL 2 |

| | | |
|---|---|---|
| John W. Costello | c/o Edwards Wildman Palmer LLP<br>225 West W. Wacker Dr.<br>Chicago, Illinois 60606 | |
| Edwards Wildman Palmer LLP document custodian | c/o Edwards Wildman Palmer LLP<br>225 West W. Wacker Dr.<br>Chicago, Illinois 60606 | No individual named; objections to individuals reserved |
| Federal Defendants | c/o Defendants' counsel | |
| Scott Harvey | c/o Defendants' counsel | |
| Patrick Hennelley and/or other JPMorgan Chase Bank, N.A. representative(s) | c/o Neal Gerber Eisenberg Two North LaSalle Street Suite 1700 Chicago, IL 60602-3801 | Objection to JPMorgan representative reserved |
| Phil Hewes | c/o Fitzgerald & Hewes LLP<br>550 W Van Buren St<br>Suite 1450<br>Chicago, IL 60607-3861 | |
| Jerrold Holisky | Aronberg Goldgehn Davis & Garmisa<br>330 North Wabash Ave.<br>Suite 1700<br>Chicago, Illinois 60611 | |
| Robert Lackey | c/o Comdisco Holding Co., Inc.<br>5600 North River Road<br>Suite 800<br>Rosemont, IL 60018 | MIL 2 |
| Phillip Martin | c/o Neal Gerber Eisenberg Two North LaSalle Street Suite 1700 Chicago, IL 60602-3801 | |
| James Brent McCauley | Barack Ferrazzano Kirschbaum & Nagelberg LLP<br>200 West Madison Street<br>Suite 3900<br>Chicago, Illinois 60606 | |

| | | |
|---|---|---|
| Gregory Murray | Winston & Strawn LLP<br>35 West Wacker Drive<br>Suite 4200<br>Chicago, Illinois 60601 | |
| Sandra Nimtz | c/o Neal Gerber Eisenberg<br>Two North LaSalle Street<br>Suite 1700<br>Chicago, IL 60602-3801 | |
| Edward Pacewicz | c/o Defendants' counsel | |
| Vicky Pietrusiewicz | c/o Figliulo & Silverman<br>10 South LaSalle,<br>Suite 3600<br>Chicago, Illinois 60602 | MIL 2 |
| William J. Raleigh | c/o Nisen & Elliott<br>200 W Adams, Suite 2000<br>Chicago, IL 60606-5230 | MIL 2, 401, 403 |
| Raymond J. Siegel | c/o RJS Associates, Ltd<br>1075 Hill Road<br>Winnetka, Illinois 60093 | MIL 1, 401, 403 |
| One or more State Defendants | c/o Defendants' counsel | State defendants not involved in design and implementation of SIP: 401, 403, unnecessary duplication; objections to individuals reserved |
| John Vosicky | c/o Vedder Price<br>225 North LaSalle Street<br>Suite 2500<br>Chicago, Illinois 60610 | MIL 1, 401, 403 |
| Winston & Strawn LLP document custodian | Winston & Strawn LLP<br>35 West Wacker Drive<br>Suite 4200<br>Chicago, Illinois 60601 | No individual named; objections to individuals reserved |
| Angela Edra Wu | Federal Reserve Bank of Chicago<br>230 South LaSalle Street<br>Chicago, Illinois 60604 | |

| Jonathan Young | c/o Edwards Wildman Palmer LLP<br>225 West W. Wacker Dr.<br>Chicago, Illinois 60606 | MIL 2, 401, 403 |

**SCHEDULE D**

**Plaintiff's Statement of Qualifications of Plaintiff's Expert**

Plaintiff's expert, Bradley K. Sabel is currently a partner of the law firm of Shearman & Sterling LLP in New York. Mr. Sabel holds a J.D. degree from The Cornell Law School. He is the co-head of Shearman & Sterling's global Financial Institutions Advisory & Financial Regulatory Group, and focuses his practice on U.S. banking and bank regulations. Prior to joining Shearman & Sterling in 1994, he was an attorney for the Federal Reserve Bank of New York for 18 years, where he advised on U.S. bank regulation and supervision, including reserve and margin requirements.

During his tenure at the Federal Reserve Bank of New York, Mr. Sabel regularly assisted banks and their counsel to understand the requirements of various banking regulations. He has extensive familiarity with the manner in which regional Federal Reserve banks provided regulatory counsel. Starting in 1985, Mr. Sabel developed particular expertise in the area of margin regulations and worked closely with the attorneys on the Federal Reserve Board staff who worked on margin regulations. After moving into private practice in 1994, Mr. Sabel continued to advise clients on margin regulation issues that arise in connection with transactions. As a practitioner, he has developed extensive familiarity with how counsel deal with margin regulations in negotiating and designing transactions.

**SCHEDULE E**

**Deposition Designations and Objections**

**SCOTT HARVEY**

**Plaintiff's Designations**

| Page/Line Designation | Objections |
|---|---|
| | Plaintiff's proposed use of Mr. Harvey's deposition designations at trial is the subject of Defendants' *Motion in Limine*. |
| 5:13 - 19 | |
| 7:11 - 13 | |
| 11:9 - 12 | |
| 11:16 – 14:23 | |
| 29:19 – 30:6 | |
| 31:12 – 17 | |
| 32:9 – 34:15 | |
| 34:22 – 35:12 | |
| 36:4 – 37:3 | |
| 37:9 – 45:1 | |
| 47:13 – 48:2 | |
| 48:21 – 49:21 | |
| 50:4 – 10 | |
| 50:16 – 51:3 | |
| 52:23 – 53:22 | |
| 54:8 – 21 | |
| 55:2 – 57:1 | |
| 57:17 – 62:18 | |

| | |
|---|---|
| 63:5 – 13 | |
| 64:20 – 66:4 | |
| 66:23 – 69:3 | |
| 70:22 – 71:20 | |
| 72:22 – 76-14 | |
| 83:16 – 84:4 | |
| 86:2 – 88:11 | |
| 89:6 – 91:9 | |
| 92:8 – 93:9 | |
| 94:11 – 95:12 | |
| 97:12 – 16 | |
| 97:22 – 98:5 | |
| 98:12 – 99:13 | |
| 99:22 – 100:2 | |
| 115:1 – 18 | |
| 117:8 – 16 | |
| 118:10 – 121:17 | |
| 123:3 – 126:15 | |
| 139:9 – 141:12 | |
| 142:7 – 13 | |
| 149:2 – 151:23 | |
| 154:7 – 155:10 | |
| 156:14 – 159:7 | |
| 160:9 – 19 | |

| | |
|---|---|
| 161:5 – 164:11 | |
| 172:11 – 174:11 | |
| 174:19 – 175:19 | |
| 177:11 – 178:22 | |
| 186:19 – 187:7 | |
| 189:3 – 7 | |
| 190:16 – 191:14 | |
| 197:20 – 198:12 | |
| 215:5 – 215:20 | |
| 216:14 – 218:9 | |
| 225:6 – 11 | |
| 226:21 – 229:1 | |
| 256:10 – 258:10 | |
| 258:15 – 261:8 | |
| 261:23 – 263:11 | |
| 264:7 – 22 | |
| 265:9 – 270:18 | |
| 271:15 – 272:23 | |
| 273:17 – 278:6 | |
| 279:12 – 280:19 | |
| 281:24 – 283:7 | |
| 283:21 – 286:1 | |
| 286:14 – 291:5 | |
| 295:9 – 296:18 | |

**ANGELA WU, FEDERAL RESERVE BANK OF CHICAGO**

**Plaintiff's Designations**

| Page/Line Designation | Objections |
|---|---|
| 4:21 – 5:24 | |
| 6:14-18 | |
| 7:4 – 8:11 | |
| 9:2 – 11:8 | |
| 13: 10 – 14:1 | |
| 14:10 -  15:8 | |
| 16:20 – 18:4 | |
| 27:12-15 | |
| 27:23 – 32: 5 | |
| 32:21 – 34:15 | |
| 34:23 – 35:3 | |
| 49:23 – 50:19 | |
| 52:10 – 24 | |
| 53:9 – 54:1 | |
| 55:7 – 19 | |
| 59:13 – 66:5 | Auth; Hrsy as to 59:14 – 60:14 |
| 66:12 – 68:22 | |
| 70:1 -71:1 | |
| 73:1 – 74:19 | |
| 76:10 – 77:13 | |
| 78:7 – 79:8 | |

| | |
|---|---|
| 80:4 – 13 | |
| 82:12 – 87:17 | |
| 136:2 – 136:22 | |

**Defendants' Counter-Designations**

| **Page/Line Designation** | **Objections** |
|---|---|
| 6:19 - 24 | |
| 7:1-3 | |
| 11:10 – 13:9 | |
| 15:10 – 16:19 | |
| 23:23 – 25:14 | |
| 25:16 - 17 | |
| 25:24 – 26:2 | |
| 26:5 – 6 | |
| 26:9 - 10 | |
| 26:12 - 16 | |
| 26:19, 21 | |
| 26:23 – 24 | |
| 27:1 – 11, 17 | |
| 34:17 - 22 | |
| 35:4 – 36:2 | |
| 37:4 – 42:1 | |
| 43:3 – 45:5 | |
| 45:17 - 19 | |
| 48:4 – 49:22 | |

| | |
|---|---|
| 50:20 – 51:12 | |
| 54:4 – 54:7 | |
| 55:23 – 59:11 | |
| 66:6 – 7 | |
| 69:20 – 24 | |
| 71:12 – 72:2 | |
| 72:19 – 72:24 | |
| 74:20 – 76:9 | |
| 77:14 – 78:5 | |
| 80:14 – 80:24 | |
| 81:2 – 24 | |
| 82:1 – 10 | |
| 87:19 – 88:17 | |
| 88:22 – 89:2 | |
| 89:13 – 20 | |
| 92:8 – 93:20 | |
| 97:15 – 99:16 | |
| 99:21 – 101:3 | |
| 101:8 – 13 | |
| 101:9 – 111:22 | |
| 112:3 – 113:22 | |
| 114:12 – 115:10 | |
| 115:17 – 116:8 | |
| 117:2 – 117:11 | |

| | |
|---|---|
| 120:6 – 123:15 | |
| 125:22 – 126:5 | |
| 126:16 – 126:19 | |
| 127:15 – 21 | |
| 128:20 – 129:5 | |
| 130:6 – 11 | |
| 131:13 – 15 | |
| 133:5 – 134:2 | |

**SCHEDULE F**

**Plaintiff's Itemized Statement of Damages**

Plaintiff seeks to enforce Master Promissory Notes ("Notes") signed by each of the four defendants in this matter. The Notes provide for repayment of the principal plus interest at specified rates. The amounts of principal due on each Note is set forth in Column A in the chart below. Prior to Comdisco's bankruptcy filing on July 16, 2001, interest accrued at the pre-default rate specified in the Notes. During that time, some of the accrued interest was paid through dividends on the Comdisco SIP stock. The amount of unpaid pre-default interest through and including July 15, 2001 for each Note is set forth in Column B in the chart below. Starting on July 16, 2001, the Notes provided for interest at a variable default rate. The amount of unpaid post-default interest as of June 30, 2013 for each Note is set forth in Column C in the chart below. The total amount of unpaid principal and interest as of June 30, 2013 for each Note (i.e. Column A + B + C) is set forth in Column D in the chart below.

| Defendant | **A**<br>Principal | **B**<br>Unpaid Pre-default Interest through 7/15/01 | **C**<br>Unpaid Post-default Interest as of 6/30/13 | **D**<br>Unpaid Principal and Interest as of 6/30/13 |
|---|---|---|---|---|
| Brunner | $552,000.00 | $138,643.03 | $456,966.11 | $1,147,609.14 |
| Poisella | $828,000.00 | $207,964.55 | $685,449.17 | $1,721,413.72 |
| Scozzafava | $552,000.00 | $138,643.03 | $456,966.11 | $1,147,609.14 |
| Weiss | $552,000.00 | $138,643.03 | $456,966.11 | $1,147,609.14 |

In addition, Plaintiff is entitled to recover post-default interest from July 1, 2013 to the date of judgment at the post-default rate, as well as reasonable attorneys' fees and costs and any other amounts appropriately awarded under the terms of the Notes. In the alternative, in the event the Court determines the Notes cannot be enforced, Plaintiff seeks to recover restitution or other appropriate equitable relief in an amount to be determined by the Court.

**SCHEDULE G(1)**

**Plaintiff's Trial Brief**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN W. COSTELLO, not individually, but as Litigation Trustee under the Comdisco Litigation Trust, | ) ) ) | |
| | ) | **Honorable Robert W. Gettleman** |
| *Plaintiff,* | ) | |
| v. | ) | Magistrate Judge Mary M. Rowland |
| | ) | |
| MIKE J. POISELLA, | ) | Civil Case No.  05-736 |
| ROMAN BRUNNER, | ) | Civil Case No.  05-740 |
| JOSEPH J. SCOZZAFAVA, and | ) | Civil Case No.  05-746 |
| GREGORY A. WEISS, | ) | Civil Case No.  05-764 |
| | ) | |
| *Defendants.* | ) | |

### PLAINTIFF'S TRIAL BRIEF

Jonathan W. Young (#6204590)
W. Allen Woolley (#6227238)
Bilal Zaheer (#6291119)
Erin L. Brechtelsbauer (#6301510)
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois  60606-1229
Telephone:  (312) 201-2000
Facsimile:  (312) 201-2555
*Attorneys for John W. Costello,*
*not individually, but as Litigation Trustee*
*under the Comdisco Litigation Trust*

# TABLE OF CONTENTS

*Nature of the Cases* ................................................................................................ 1

*Contested Facts to Be Established by the Evidence* .................................................. 2

*Plaintiff's Theory of Defendants' Liability* ............................................................. 3

*Plaintiff's Theory of Damages in the Event Liability is Established* ......................... 4

*Plaintiff's Rebuttal to the Defendants' Theories of Defense* ................................... 5

    Alleged Violations of Margin Regulations ......................................................... 5

    Alleged Securities Fraud and Common Law Fraud Defenses ............................. 7

    Alleged Contract Defenses ............................................................................... 12

    Alleged Payment Defense ................................................................................. 13

*The Notes Can Be Enforced, or Restitutionary Relief Granted, Even if the Notes Are*
    *Found to Be Illegal* ....................................................................................... 14

*Anticipated Motion for Directed Verdict* ................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.A. Conte v. Campbell-Lowrie-Lautermilch,*
   132 Ill. App. 3d 325 (1st Dist. 1985) ...................................................................13

*Aaron v. SEC,*
   446 U.S. 680 (1980)...........................................................................................10

*Abbott-Interfast Corp. v. Harkabus,*
   250 Ill. App. 3d 13 (2d Dist. 1993)....................................................................6

*Adair v. Sherman,*
   230 F.3d 890 (7th Cir. 2000) .............................................................................14

*Bankers Life and Cas. Co. v. Bellanca Corp.,*
   288 F.2d 784 (7th Cir. 1961) .............................................................................15

*Blue Chip Stamps v. Manor Drug Stores,*
   421 U.S. 723 (1975)...........................................................................................9

*Buffalo Forge Co., et al v. Ogden Corp., et al,*
   555 F. Supp. 892 (W.D.N.Y. 1983) ..................................................................7

*Catholic Charities of the Archdiocese of Chicago v. Thorpe,*
   318 Ill. App. 3d 304 (1st Dist. 2000) .................................................................13

*City of Aurora v. Green,*
   467 N.E.2d 610 (Ill. App. Ct. 1984) ..................................................................9

*Connick v. Suzuki Motor Co.,*
   675 N.E.2d 584 (Ill. 1996) .................................................................................11

*Costello v. Grundon,*
   651 F.3d 614 (7th Cir. 2011) .............................................................................10

*Dearborn Maple Venture, LLC v. SCI Illinois Services, Inc.,*
   2012 IL App. ......................................................................................................6

*Desantis v. Brauvin Realty Ptnrs, Inc.,*
   618 N.E.2d 548 (Ill. App. Ct. 1993) ..................................................................12

*Drasner v. Thomson McKinnon Securities, Inc.,*
   433 F. Supp. 485 (S.D.N.Y. 1977) ....................................................................6

*Dura Pharmaceuticals, Inc. v. Broudo,*
    544 U.S. 336 (2005)..................................................................................................11

*Fireman's Fund Ins. Co. v. SEC Donohue, Inc.,*
    679 N.E.2d 1197 (Ill. 1997) ....................................................................................12

*Freeman v. Marine Midland Bank New York,*
    419 F. Supp. 440 (E.D.N.Y. 1976) ..........................................................................15

*Fund of Funds, Ltd. v. Arthur Andersen & Co.,*
    545 F. Supp. 1314 (S.D.N.Y. 1982)........................................................................10

*Gavery v. Altheimer & Gray,*
    No. 95 C 2747, 1996 U.S. Dist. LEXIS 13240 (N.D. Ill. Sep. 10, 1996)..................9

*Gavin v. AT&T Corp.,*
    464 F.3d 634 (7th Cir. 2006) .....................................................................................9

*Gurwara v. LyphoMed, Inc.,*
    937 F.2d 380 (7th Cir. 1991) .....................................................................................9

*Hayes v. M & T Mortg. Corp.,*
    389 Ill. App. 3d 388 (1st Dist. 2009) ........................................................................6

*In re Comdisco, Inc.* ..........................................................................................................14

*InsureOne Indep. Ins. Agency, LLC v. Hallberg,*
    2012 IL App ..............................................................................................................13

*Kelly v. Kosuga,*
    358 U.S. 516 (1959)..................................................................................................14

*Leon v. Max E. Miller & Son,*
    320 N.E.2d 256 (Ill. App. Ct. 1974) ........................................................................10

*Martin v. Heinold Commodities, Inc.,*
    643 N.E.2d 734 (Ill. 1994)........................................................................................11

*Northern Indiana Public Serv. Co. v. Carbon Cty. Coal Co.,* 799 F.2d 265, 273-74 (7th
    Cir. 1986) ..................................................................................................................15

*Nolan v. Sloan, et al,*
    305 Ill. App. 71 (3d Dist. 1940)..................................................................................6

*Northern Trust v. VIII South Mich. Assocs.,*
    657 N.E.2d 1095 (Ill. App. Ct. 1995) ......................................................................12

*Olson v. Paine, Webber, Jackson & Curtis, Inc.,*
    806 F.2d 731 (7th Cir. 1986) ..............................................................................14, 15

*Regensburger v. China Adoption Consultants, Ltd.,*
    138 F.3d 1201 (7th Cir. 1998) ...........................................................................10

*Ronzani v. Sanofi S.A.,*
    899 F.2d 195 (2d Cir. 1990)...............................................................................10

*Scheiber v. Dolby Lab. Licens. Corp.,*
    293 F.3d 1014 (7th. Cir. 2002) ..........................................................................15

*Schlifke v. Seafirst Corp.,*
    866 F.2d 935 (7th Cir. 1989) ...............................................................................8

*SEC v. Holschuh,*
    694 F.2d 130 (7th Cir. 1981) .............................................................................10

*SEC v. Stoker,*
    873 F. Supp. 2d 605 (S.D.N.Y. 2012).................................................................11

*Skidmore v. Swift & Co.,*
    323 U.S. 134 (1944)..............................................................................................7

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.,*
    552 U.S. 148 (2008)..............................................................................................8

*Travelers Indem. Co. v. Bailey,*
    129 S. Ct. 2195 (2009).......................................................................................14

## STATUTES

15 U.S.C. § 78cc(b)....................................................................................................6

15 U.S.C § 7866(a) ....................................................................................................9

Section 17(a) of the Securities Act of 1933 ............................................................10

Section 29(b) of the 1934 Securities and Exchange Act....................................... passim

## OTHER AUTHORITIES

12 C.F.R. §§ 207.3, 221.3 ..........................................................................................5

12 C.F.R. §§ 207.3(n), 221.3(k).................................................................................7

12 C.F.R. § 221.2(g)(iv).............................................................................................5

12 C.F.R. § 221.3(k) ..................................................................................................7

12 C.F.R. § 221.113(e)...............................................................................................5

17 C.F.R. § 230.159 .................................................................................................................11

Comdisco's "Settlement Payment" ..........................................................................................13

Restatement (Second) of Contracts § 197 ...............................................................................15

Restatement of Contracts § 197 ..............................................................................................15

Rule 10b-5 ..................................................................................................................................8

Rule 10b-5, Section 17(a) ........................................................................................................10

*Stoneridge Inv. Partners*, 128 S. Ct. at 776 ..........................................................................11

***Nature of the Cases***

John W. Costello, as Litigation Trustee under the Comdisco Litigation Trust (the "Trustee"), sued to enforce promissory notes signed by each of the Defendants (the "Notes"). The Trustee took assignment of these Notes in late 2004 from JPMorganChase Bank, N.A.—the agent for the lenders to which these Notes were originally delivered (collectively, the "Bank" or "Banks"). The Notes were made in early 1998, and came due in 2003. It is undisputed that the Banks loaned the amounts evidenced by the Notes, and that the loan proceeds were used to purchase common stock in Comdisco, Inc. ("Comdisco") for the account of each of the Defendants (the "SIP Shares"). It is likewise undisputed that none of the Defendants has made any payment on account of the amounts owing under these instruments since June 2001. Yet, ten years after the maturity of the Notes, the Defendants continue to oppose the Trustee's efforts to enforce these instruments.

The Defendants base their opposition on a series of challenges to the program under which the loans were made and the SIP Shares issued. This program was known as the Comdisco Shared Investment Plan, and we will refer to it in this brief as the "SIP Program" or the "SIP." As the Defendants would have it, the SIP was a misguided attempt to secure financing for Comdisco—one that subjected the Defendants to excessive debt, and failed to give them anything meaningful or valuable in return. Based on this premise, the Defendants argue that they need not honor their obligations under the Notes. They argue that (i) the SIP Program violated the Federal Reserve Board's margin regulations, and this violation renders the Notes illegal and unenforceable; (ii) Comdisco and the Banks made misrepresentations in connection with the SIP Program that either render the Notes illegal and unenforceable, or resulted in damages offsetting the Defendants' liability; (iii) the Notes are unenforceable under contract law—due to a supposed lack of consideration, as well as a variety of other purported contract-

1

based defenses; and (iv) Comdisco's settlement of the Bank's claim to recover on the guaranty Comdisco gave to secure the loans had the effect of extinguished the Notes.

Each of these defenses suffers from legal defects and will not be supported by the evidence. But, more fundamentally, the problem with the Defendants' position is that: at its core, the Shared Investment Program contemplated an *investment* by the Defendants. By definition, an investment puts at risk the funds invested. For a period of time, the Defendants' investment appreciated substantially, to a level where other participants were able to cash out at a profit. If the Defendants are able to avoid their obligation to repay the Notes, then they would have received all of the potential upside of the SIP Shares, without having put any of their own funds at risk.

But the evidence will show that, in this case, the Defendants *did* put their own funds at risk. By signing the Notes, the Defendants voluntarily agreed to be personally obligated to repay the Banks for amounts owing under the Notes—which amounts were used to pay the purchase price of the SIP Shares. The Trustee is duty-bound by the trust and the orders of the court appointing him to enforce and collect upon these Notes. Contrary to the arguments raised by the Defendants, the law and evidence that the Notes are lawful obligations, enforceable in accordance with their terms.

### Contested Facts to Be Established by the Evidence

The evidence will show that, whatever terms and conditions may have governed the issuance and custody of the SIP Shares, those terms and conditions did not benefit or protect the Banks in any way. The Banks took no lien or security interest in the SIP Shares. And, in the event of a default under the Notes, the Banks had no ability to control or direct the disposition of the SIP Shares in any way.

We will offer both lay and expert testimony to establish that (i) both Comdisco and the

Banks were represented by experienced lawyers in connection with the SIP transaction, (ii) Comdisco's attorneys solicited and received concurrence from the Federal Reserve Bank of Chicago that the SIP transaction did not violate the federal margin regulations, (iii) Comdisco's attorneys delivered a clean and unqualified opinion letter to the Banks, opining that the SIP transaction did not violate the federal margin regulations and (iv) the Banks were well justified in believing, at the time the SIP closed, that such transaction was both lawful and appropriate.

The evidence will further show that the terms of the SIP Program were comprehensively and exhaustively disclosed. Every conceivable risk associated with the SIP was identified and explained to the Defendants, including the risk that actually came to pass—the value of the SIP Shares falling below the breakeven point necessary to cover the repayment of the Notes. Likewise, every term of the SIP that Defendants now claim ran afoul of the margin regulations was fully disclosed. The prospectus for the SIP could not have been clearer that, under these circumstances, the Defendants were obligated to repay the Notes. At the time of the closing, *all* of the parties to this transaction believed the structure and terms of the SIP to be appropriate and legal.

The evidence will not support the Defendants' claim to have been misled to their detriment by the disclosures made in connection with the presentation of the SIP. Nor will the evidence support the Defendants' contention that there was insufficient consideration for the Notes. To the contrary, in exchange for their Notes, and without putting any money down, each of the Defendants received a substantial equity position in Comdisco. Those SIP Shares could and did appreciate—to a point where a sale would have retired the Notes in full and generated a profit.

***Plaintiff's Theory of Defendants' Liability***

This Court has previously ruled that, to establish his claim for Defendants' breach of their

obligations under their respective Notes, the Trustee must establish that the Defendants "executed their respective SIP notes; they directed that the proceeds of the loans be paid directly to Comdisco; Comdisco received those proceeds; shares were issued to defendants but held by Comdisco's transfer agent on defendants' behalf; and the notes have not been paid." (9/24/08 Mem. Op. & Order at 5-6.) These facts remain undisputed. In its prior grant of summary judgment, this Court ruled that "all elements of plaintiff's claim have been undeniably established and, absent a viable affirmative defense or counterclaim, plaintiff is entitled to judgment." *Id.* While the Defendants appealed this Court's summary judgment ruling on a variety of grounds and bases, no challenge was lodged on appeal to this Court's ruling on Plaintiff's *prima facie* case. The Plaintiff therefore does not believe there to be a reasonable or competent basis to do so now.

***Plaintiff's Theory of Damages in the Event Liability is Established***

In the event that he prevails in establishing liability, the Trustee is entitled to recover all amounts due and owing under the Notes, including principal, interest, costs and attorneys' fees. After crediting the Defendants for interest payments made on the Notes, and reflecting the accrual of both Pre-Default Interest and Default Interest, the Plaintiff calculates that the Defendants each owe principal and interest under their respective Notes, as of June 30, 2013, as follows:

| Defendant | Principal | Unpaid Pre-default Interest | Unpaid Post-default Interest | Unpaid Principal and Interest |
|---|---|---|---|---|
| Brunner | $552,000.00 | $138,643.03 | $456,966.11 | $1,147,609.14 |
| Poisella | $828,000.00 | $207,964.55 | $685,449.17 | $1,721,413.72 |
| Scozzafava | $552,000.00 | $138,643.03 | $456,966.11 | $1,147,609.14 |
| Weiss | $552,000.00 | $138,643.03 | $456,966.11 | $1,147,609.14 |

*Plaintiff's Rebuttal to the Defendants' Theories of Defense*[1]

## **Alleged Violations of Margin Regulations**

Regulations G and U limit the amount of purpose credit to 50% of the value of the margin stock being purchased by the borrower, *where the credit extended is directly or indirectly secured by margin stock*. *See* 12 C.F.R. §§ 207.3, 221.3 (emphasis added). Defendants allege that Comdisco and the Bank violated Regulations G and U, thereby rendering the Notes voidable under Section 29(b) of the 1934 Securities and Exchange Act ("Exchange Act"), through: (1) the Bank's extension of purpose credit to the SIP participants, evidenced by the Notes, and (2) Comdisco's extension of purpose credit, via the Guaranty (and the Bank's "arranging" for the Guaranty). Defendants also contend that Comdisco and the Bank violated Regulations G and U by failing to obtain "purpose statements" as required by the regulations. Defendants' arguments fail because the law and evidence will show that the 50% limit regulations did not apply to the Notes or, for that matter, the SIP program.

The Notes are neither directly nor indirectly secured by the SIP shares. The evidence will show no "restriction" on the SIP participants' ability to pledge, sell or otherwise dispose of their SIP shares that was in any way structured for the Bank's benefit, or tied to the Bank's extension of purpose credit. *See* 12 C.F.R. § 221.113(e). The evidence will further show that the Bank did not, in good faith, rely upon the SIP shares as collateral to repay the SIP loans when issuing the loans. *See* 12 C.F.R. § 221.2(g)(iv).

In this litigation, the Trustee seeks only to enforce the Notes, not the Guaranty, which was settled between Comdisco in the Bank nearly a decade ago. Under Illinois law, the Guaranty and Notes are considered separate contracts reflecting separate legal obligations

---

[1] In additional to the legal theories set forth below, and to the extent applicable, Plaintiff incorporates and reserves the right to rely upon the arguments set forth in support of his summary judgment motions and other briefing previously filed in these cases.

between separate parties. *Nolan v. Sloan, et al*, 305 Ill. App. 71, 75 (3d Dist. 1940). This conclusion is confirmed by the plain language of Section 29(b), which operates to render voidable those **contracts**, not transactions, that violate the Act or the rules and regulations thereunder. 15 U.S.C. § 78cc(b); *Drasner v. Thomson McKinnon Securities, Inc.*, 433 F. Supp. 485, 501-02 (S.D.N.Y. 1977).

Defendants may argue that the Notes and the Guaranty should be treated as one contract. This argument fails for two reasons. <u>First</u>, under Illinois law only where instruments are "executed at the same time, ***by the same parties***, ***for the same purpose***, and in the course of the same transaction" can they be regarded "as one contract and … construed together." *Dearborn Maple Venture, LLC v. SCI Illinois Services, Inc.*, 2012 IL App. (1st) (emphasis added). The evidence will show that Notes and Guaranty were executed at separate times, by separate parties and for separate purposes. And to the extent Defendants attempt to argue that the Notes and Guaranty are one contract because the Notes expressly incorporate the Guaranty, the plain language of the Notes show that they only incorporate specific portions of the Guaranty, and the evidence will show there was never any intention that the Notes incorporate the Guaranty whole sale. *See Hayes v. M & T Mortg. Corp.*, 389 Ill. App. 3d 388, 390-391 (1st Dist. 2009). <u>Second</u>, the Notes and the Guaranty contain a severability provision, which expressly discards any portion of the Notes or Guaranty found to be unenforceable. *Abbott-Interfast Corp. v. Harkabus*, 250 Ill. App. 3d 13, 21 (2d Dist. 1993).

The evidence will also show that on January 29, 1998, the Federal Reserve Bank of Chicago issued a written opinion to Comdisco's outside counsel confirming that the Notes would not be considered directly or indirectly secured by the SIP shares under Regulation U ("FRBC Opinion"). The Trustee's expert witness Bradley K. Sabel, who worked as an attorney at the

Federal Reserve Bank of New York ("FRBNY") for nearly twenty years, will testify that, in his experience, the Board knew and expected that attorneys at regional Federal Reserve Banks would provide guidance on Board regulations to local attorneys. The FRBC Opinion is entitled to deference from this Court under the standard set forth in *Skidmore v. Swift & Co.*, 323 U.S. 134, 139-140 (1944) (informal agency opinions "while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance").

Both Regulations G and U provide that "[a] mistake in good faith in connection with the extension or maintenance of credit shall not be a violation" of the regulation. 12 C.F.R. §§ 207.3(n), 221.3(k). Should the Court determine that the Notes (or guaranty) are indirectly secured by the SIP shares, the evidence will show that the Bank and Comdisco at most made mistakes in good faith in implementing the SIP program, and therefore, no violation of Regulation U or G exists. See 12 C.F.R. § 221.3(k).

The evidence will show that Defendants were not "unwilling innocent parties" to the SIP program, and therefore, they cannot invoke section 29(b) to void the Notes. *See Buffalo Forge Co., et al v. Ogden Corp., et al*, 555 F. Supp. 892, 906 (W.D.N.Y. 1983). Even if the Notes are found to violate Regulation U, Defendants should still be required to pay back 50% of the proceeds loaned to them under their respective Notes, representing the lawful portion of the Notes.

### Alleged Securities Fraud and Common Law Fraud Defenses

Defendants seek to avoid their obligations under the Notes, based upon supposed securities fraud and common law fraud violations. We respectfully submit that these fraud theories fail—both legally and factually.

To prove a violation under Section 10(b) and Rule 10b-5, Defendants must demonstrate (1) the Bank made (2) with scienter (i.e., knowingly and intentionally or recklessly) (3) an untrue statement of material fact, or a material omission while under a duty to disclose, (4) in connection with the purchase or sale of a security. *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157 (2008).  The evidence will not support these elements.

First, Defendants will fail to prove *scienter*, because even if it is ultimately determined that a regulation was violated, Defendants have no evidence that Comdisco or the Bank knew *at the time* that any of Comdisco's representations were false or misleading.  To the contrary, the evidence will show that all parties believed, at the time of closing, that the transaction was lawful and proper.

Nor will the Defendants be able to prove that Comdisco or the Bank was recklessly indifferent to the truth of those representations.  Reckless conduct is defined as "a highly unreasonable omission which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it."  *Schlifke v. Seafirst Corp.*, 866 F.2d 935, 946 (7th Cir. 1989).  As discussed above, Comdisco and the Bank sought and received the advice of counsel, who stated that the margin regulations would not be violated, and who themselves relied on the opinions of attorneys from the Federal Reserve Bank of Chicago and Federal Reserve Board of Governors.  As the expert testimony of Brad Sabel will demonstrate, there was no reason for anyone at the time to believe that the Notes were directly or indirectly secured by the stock or that the margin regulations would be violated.

Defendants will not be able to prove the statements were false or misleading because, as discussed above, the loans were not directly or indirectly secured by the stock, and the Guaranty did not violate Regulation G or U. Also, Comdisco's representations that the Guaranty and the

loan would not violate Regulation G or U were non-actionable statements of law. Statements of

legal opinion, rather than fact, are not actionable as fraud. *Gavery v. Altheimer & Gray*, No. 95

C 2747, 1996 U.S. Dist. LEXIS 13240, at *14 (N.D. Ill. Sep. 10, 1996); *City of Aurora v. Green*,

467 N.E.2d 610, 613 (Ill. App. Ct. 1984).

Nor will Defendants be able to prove the Bank made any material misstatements or

omissions, because the evidence will show that the supposed restrictions on the SIP stock and the

structure of the SIP program were fully and comprehensively disclosed to the Defendants at the

time they elected to participate. *All of the program terms of which the Defendants complain*

*were shared with them in 1998—at the time the transaction was implemented.* Indeed, nearly all

of the purported false or misleading statements Defendants allege are statements of law or legal

opinions, rather than statements of fact. Such statements are not actionable.[2] Defendants allege

that certain misrepresentations or omissions occurred years after the SIP transactions closed.

Statements allegedly made after the sale of the SIP Shares cannot amount to securities fraud

because Sections 10(b) and 17(a) require that the misrepresentation be made *in connection with*

*the sale*. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756 (1975). Likewise,

Defendants cannot seek to void the Notes under Section 29(b) based on alleged violations of the

securities laws that did not occur in the making or performance of the Notes. 15 U.S.C §

7866(a).

Defendants' defenses will also fail because Comdisco's alleged misrepresentations that

the Guaranty and loans did not violate the margin regulations did not relate to the value of the

stock at issue. *See Gavin v. AT&T Corp.*, 464 F.3d 634, 639 (7th Cir. 2006); *Gurwara v.*

*LyphoMed, Inc.*, 937 F.2d 380, 382–83 (7th Cir. 1991).

---

[2] In addition, the evidence will show that some or all of the alleged misstatements were not made by the Bank and are not properly attributable to the Bank. Comdisco's alleged misstatements are not a basis to hold the Notes to be illegal or enforceable.

Finally, Defendants did not rely to their detriment on the alleged false or misleading statements or omissions. Moreover, the defense of fraud is unavailable to avoid the effect of a written agreement where the complaining party could have discovered the fraud by reading the instrument and was afforded a full opportunity to do so. *Regensburger v. China Adoption Consultants, Ltd.,* 138 F.3d 1201, 1207 (7th Cir. 1998); *Leon v. Max E. Miller & Son*, 320 N.E.2d 256, 260 (Ill. App. Ct. 1974).

Defendants also assert our illegality defense under Section 17(a) of the Securities Act of 1933. Section 29(b) of the Exchange Act which is the basis for Defendants' contention that a violation of the margin regulations or Section 10(b) permits them to void the Notes, does not apply to Section 17(a), nor will the evidence support Defendants' claim that a 17(a) violation occurred. *Scienter* is required to prove a violation of Section 17(a)(1), *Costello v. Grundon*, 651 F.3d 614, 638 n.6 (7th Cir. 2011), *see also SEC v. Holschuh*, 694 F.2d 130, 143 (7th Cir. 1981) (citing *Aaron v. SEC*, 446 U.S. 680 (1980)). The complete absence of any *scienter* renders Section 17(a)(1) inapplicable here.

Moreover, unlike Rule 10b-5, Section 17(a) applies only to offerors or sellers of securities. *Aaron v. SEC*, 446 U.S. 680, 687 (1980) *Ronzani v. Sanofi S.A.*, 899 F.2d 195 (2d Cir. 1990) (*quoting Fund of Funds, Ltd. v. Arthur Andersen & Co.*, 545 F. Supp. 1314, 1353 (S.D.N.Y. 1982). Lending money simply cannot convert a bank into a seller of securities. *See Fund of Funds*, 545 F. Supp. at 1354 (accounting firm not "seller" despite a causal relation between its clean opinion and plaintiff's purchase of securities).

Defendants cannot prove a violation of 17(a)(2) because the evidence will not show that the Bank made an "untrue statement of material fact or any omission to state a material fact." Defendants' alternative argument that Comdisco and the Bank violated 17(a)(2) by failing to

provide additional information after the SIP transaction is barred by 17 C.F.R. § 230.159, which excludes from consideration "any information conveyed to the purchaser only after such time of sale[.]"

Finally, Section 17(a)(3) requires proof of a deceptive scheme encompassing conduct "beyond the [17(a)(2)] misrepresentations." *SEC v. Stoker*, 873 F. Supp. 2d 605, 614 (S.D.N.Y. 2012) (internal citations omitted). Defendants' evidence will not support any intentional misrepresentation—and certainly not any deceptive scheme beyond the representation.

Defendants also assert several defenses based on common law fraud, which require Defendants to show (1) a false statement of material fact; (2) the Bank's knowledge that the statement was false; (3) the Bank's intent that the statement induce the Defendants to act; (4) Defendants' reliance upon the truth of the statement; and (5) Defendants' damages resulting from reliance on the statement. *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 591 (Ill. 1996). Defendants' common law fraud claims thus fail for the same reasons as its Section 10(b) and 17(a) claims: the evidence will show everything was disclosed to Defendants, the Bank did not act with scienter, and Defendants did not justifiably rely on any misrepresentations or omissions.

In addition, in order to be entitled to a set-off, Defendants must prove damages resulting from their reliance on the truth of the alleged misrepresentation. Under both Section 10(b) and common law fraud, this requires a showing of proximate cause and economic loss (commonly referred to as "loss causation"), not merely "but-for" causation. *Stoneridge Inv. Partners*, 128 S. Ct. at 776; *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005); *Martin v. Heinold Commodities, Inc.*, 643 N.E.2d 734, 747–48 (Ill. 1994) (while transaction may have been induced by misrepresentation, investment losses were not proximately caused and could not be recovered as damages).

Here, the evidence will show that any damages Defendants suffered were *not* proximately caused by the falsity of Comdisco's representations that there were no violations of the margin regulations—statements that have yet to be determined actually false by any court of law. Nor will there be evidence that the decline in the value of Comdisco's stock was caused by margin regulation violations or the alleged falsity of any other statements by Comdisco or the Bank.

With respect to Defendants' fraudulent inducement defense, a party seeking to rely on a fraudulent inducement theory must elect one of two options: rescind the contract, or affirm the contract and seek damages. *Desantis v. Brauvin Realty Ptnrs, Inc.*, 618 N.E.2d 548, 552 (Ill. App. Ct. 1993). Therefore, if Defendants choose to rescind the contract, they must return the principal they received under the Notes to the Trustee.

Defendants' negligent misrepresentation defenses fails for the same reasons its common law fraud defenses fail: no evidence of a false statement or omission of material fact, no justifiable reliance, and no proximately caused damages. In addition, these defenses fail because the Bank had no duty to Defendants, and they are barred by the economic loss rule. *Fireman's Fund Ins. Co. v. SEC Donohue, Inc.*, 679 N.E.2d 1197, 1199–1200 (Ill. 1997). No economic losses can be recovered under a theory of negligent misrepresentation in this case, where the evidence does not disclose any affirmative duty of the Bank in favor of the Defendants. *See Northern Trust v. VIII South Mich. Assocs.*, 657 N.E.2d 1095, 1102–03 (Ill. App. Ct. 1995) (lenders have no duty of care to analyze feasibility of loan and no duty to disclose to borrowers).

**Alleged Contract Defenses**

Defendants attempt to argue that the Bank's alleged fraud and violation of the margin regulations constitute breaches of implicit terms of the notes. This improper attempt to avoid the requirements and limitations of illegality defenses must fail. Furthermore, in order to excuse

performance, a breach must be "so substantial and fundamental as to defeat the objects of the parties in making the agreement, or . . . . render[] performance of the rest of the contract different in substance from the original agreement." *InsureOne Indep. Ins. Agency, LLC v. Hallberg*, 2012 IL App (1st) 092385, ¶ 33-34 (1st Dist. 2013). The evidence will show that alleged violations of the margin regulations do not meet this standard because they were neither substantial nor altered the substance of the remaining performance.

Defendants challenge the sufficiency of consideration, but ignore that the Bank made loans, ranging from $276,000.00 to over $3 million, that permitted the Defendants to buy valuable stock on a "no money down" basis. That the stock ultimately declined in value does not eliminate the consideration present at the time the transaction closed and funded.

Defendants also assert failure of a condition precedent. But conditions precedent are disfavored in Illinois, and not to be implied unless dictated by the contract. *See A.A. Conte v. Campbell-Lowrie-Lautermilch,* 132 Ill. App. 3d 325, 329 (1st Dist. 1985). The mere mention of compliance with Regulations U and G is not sufficient to create a condition. *Catholic Charities of the Archdiocese of Chicago v. Thorpe*, 318 Ill. App. 3d 304, 308 (1st Dist. 2000).

### Alleged Payment Defense

In their Eleventh Defense, Defendants assert that Comdisco's "Settlement Payment" of $123 million to the lenders "discharged or diminished Defendant's outstanding liability to FNBC or the other lenders on the Note" (if any) to the extent of the payment. This "payment" defense has been tested – ***twice*** – in the parallel state court cases, and both Judge Winkler and Judge Tailor have squarely rejected it. Both judges correctly observed that, under Illinois law, Comdisco's guaranty of the loans "is an entirely separate and distinct contract" from the borrowers' obligations under the Notes. Consequently, as Judge Winkler found, "payment by a

guarantor does nothing to relieve the primary obligor of his duties."

In addition, the payment defenses are barred by the doctrine of *res judicata* because the bankruptcy court in *In re Comdisco, Inc.* previously entered two orders providing that distributions made on account of the Bank's claim on the Comdisco guaranty would ***not*** discharge the Notes.  (Confirmation Order ¶ 14.9(g); Settlement Order ¶ 3.)  These Orders are final for *res judicata* purposes and prevent re-litigation of the enforceability of the Notes.  *See Adair v. Sherman*, 230 F.3d 890, 895 (7th Cir. 2000) (bankruptcy court orders confirming a plan of reorganization final for *res judicata* purposes); *Travelers Indem. Co. v. Bailey*, 129 S. Ct. 2195 (2009) (parties estopped from attacking final orders approving the terms of a settlement agreement).

### *The Notes Can Be Enforced, or Restitutionary Relief Granted, Even if the Notes Are Found to Be Illegal*

If the Court determines the Notes violated the margin regulations or are otherwise illegal (findings we believe to be unsupported by the evidence), it is not the case that the Trustee automatically recovers nothing.  Rather, the Court must consider the equities and determine (i) whether to enforce despite the illegality; and (ii) if the Court determines not to enforce the Notes, whether to award restitution or other equitable relief.

As an initial matter, a finding of illegality does not necessarily preclude enforcement. Because Defendants' illegality defenses are based on alleged violations of federal law, the effect of the alleged illegality is a matter of federal law.  *Kelly v. Kosuga*, 358 U.S. 516, 519 (1959) The Seventh Circuit has held that the defense of illegality is an "equitable and remedial doctrine," which is not automatic but requires a comparison of the pros and cons of enforcement. *Northern Indiana Public Serv. Co. v. Carbon Cty. Coal Co.*, 799 F.2d 265, 273-74 (7th Cir. 1986); *see also Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 743 (7th Cir.

1986).  The illegality defense should not be applied "where it would ***produce a sanction disproportionate to the wrong***."  *Olson*, 806 F.2d at 743 (emphasis added).  In balancing the severity of the sanction against the magnitude of the wrong, courts consider the magnitude of the sanction resulting from non-enforcement, the harm the violation caused the other party, and the obscurity or obsolescence of the statute.  *See Id*.; *NIPSCO*, 799 F.2d at 273-74.  This approach may apply even for cases governed by Section 29(b).

Even if the Court determines not to enforce the Notes, the Court may nonetheless grant restitution in the amount of the principal of the loans or other appropriate equitable relief.  This proposition is supported by ample federal case law[3] as well as the framework of Restatement of Contracts § 197, which provides that restitution is unavailable in return for a promise that is unenforceable on grounds of public policy ***unless denial of restitution would cause disproportionate forfeiture***.  Restatement (Second) of Contracts § 197.

The evidence at trial will demonstrate that equitable considerations overwhelmingly favor granting enforcement or equitable relief: (i) if there was a violation, it was unintentional, and the Bank and Comdisco believed in good faith that the Notes and the SIP program complied; (ii) if Comdisco or the Bank violated the margin regulations, Defendants also violated Regulation X, (iii) the Trustee would suffer a significant forfeiture if denied relief, (iv) Defendants were not injured by the alleged violations, (v) the public interest in deterring violations of the margin regulations is minimal under the circumstances and (vi) Defendants would realize a substantial windfall if permitted to keep the principal of their loans.

*Anticipated Motion for Directed Verdict*

Not applicable.

---

[3] *See, e.g., Freeman v. Marine Midland Bank New York*, 419 F. Supp. 440, 453 (E.D.N.Y. 1976); *Bankers Life and Cas. Co. v. Bellanca Corp.*, 288 F.2d 784, 787 (7th Cir. 1961); *Scheiber v. Dolby Lab. Licens. Corp.*, 293 F.3d 1014, 1021 (7th. Cir. 2002).

Dated:  August 23, 2013                                  Respectfully submitted,

*/s/  Jonathan W. Young*
Jonathan W. Young (#6204590)
W. Allen Woolley (#6227238)
Bilal Zaheer (#6291119)
Erin L. Brechtelsbauer (#6301510)
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois  60606-1229
Telephone:  (312) 201-2000
Facsimile:  (312) 201-2555
*Attorneys for John W. Costello, not individually, but as Litigation Trustee under the Comdisco Litigation Trust*

**SCHEDULE H**

**Statement Regarding Discovery**


      The parties agree that the deposition of Defendant Roman Brunner can be taken prior to trial.  In addition, JP Morgan Chase produced two documents on August 16, 2013 that previously were withheld from production based on an assertion of the Bank Examiner's privilege during the deposition of Gregory Murray.  The parties reserve their right to seek to depose Mr. Murray in relation to these recently produced documents.  Each party has completed all remaining discovery in this matter, including the depositions of expert witnesses.

**Brief Summary of Motions *In Limine* Being Filed Concurrently**

**Plaintiff's Motions *In Limine***

Plaintiff is submitting the following motions *in limine* concurrently with this Joint Pretrial Order:

1. Plaintiff's Motion *In Limine* No. 1: Motion to Bar Evidence or Argument Supporting Defendants' Previously Rejected or Non-Pleaded Defenses

2. Plaintiff's Motion *In Limine* No. 2: Motion to Bar Testimony of Jonathan Young and Certain Improperly Disclosed Witnesses

3. Plaintiff's Motion *In Limine*  No. 3: Motion to Bar  Defendants from Presenting Evidence or Argument Regarding Statements and Positions Asserted by Comdisco, Inc. in Connection with the SIP Program

4. Plaintiff's Motion *In Limine* No. 4: Motion to Bar Defendants from Presenting Evidence or Argument Regarding Alleged Assurances by Bank One and/or Comdisco Concerning Future Enforcement of the SIP Notes

5. Plaintiff's Motion *In Limine* No. 5: Motion to Bar Argument or Evidence on Defendants' Ability to Pledge Their Sip Shares or Employ Hedging Strategies

6. Plaintiff's Motion *In Limine* No. 6 Motion to Bar Evidence or Argument Regarding Post-Comdisco Employee Stock Purchase Programs and "Project Horizon"

7. Plaintiff's Motion *In Limine* No. 7: Motion to Bar Argument or Evidence Regarding Alleged False or Misleading Statements Other than Those Identified in Defendants' Affirmative Defenses and Interrogatory Responses

8. Plaintiff's Motion *In Limine* No. 8: Motion to Bar Evidence and Argument Concerning Whether Comdisco's Guaranty of The Notes Violates Regulations G or U

## Defendants' Motions *In Limine*

Defendants are submitting the following motions *in limine* concurrently with this Joint Pretrial Order:

1.   Defendants' Motion *In Limine* To Limit The Use Of Deposition Testimony Of Scott Harvey

2.   Defendants' Motion *In Limine* To Exclude The Reports Of Plaintiff's Expert From Evidence On Direct Examination